CASE 12—PETITION EQUITY—October 2.

# Wright, &c., v. Woods' Adm'r.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. REPEAL OF STATUTE BY CONSTITUTION.—A provision of the new Constitution can not be regarded as repealing at once an existing statute unless there is absolute inconsistency between the two.

2. WILLFUL NEGLECT—DISTRIBUTION OF AMOUNT RECOVERED.—Sec-

Wright, &c., v. Woods' Adm'r.

tion 241 of the new Constitution which gives a right of action in every case where the death of a person shall result from an injury inflicted by negligence or wrongful act, and provides that until provision is made therefor by the General Assembly, the recovery "shall form part of the personal estate of the deceased person," was intended to operate only in such cases and for the benefit of such persons as the General Assembly had hitherto failed to provide for. Therefore, it left in force until further legislation on the subject, section 3 of chapter 57, General Statutes, which gave a right of action for death by willful neglect where the person killed left a widow or child, and cases arising under that statute during the time it was thus left in force, are to be governed by it as to the distribution of the amount recovered, the provision of section 241 of the Constitution that the recovery shall form a part of the personal estate of the deceased person, applying only to cases to which the statute does not apply. Therefore, where there is a widow and no children, the widow is entitled to the whole of the amount recovered to the exclusion of the collateral kindred and of creditors.

CHAPEZE WATHEN AND J. A. DEAN FOR APPELLANTS.

1. Section 3, chapter 57 of General Statutes, being inconsistent with section 241 of the new Constitution, is repealed by the latter.

    The debates in the Constitutional Convention clearly show the intention to repeal the statute in question. (4 Debates Con Con., pp. 4715–4720.)

    The words of section 241 of the Constitution are precise and unambiguous, and show the intention of the Convention to repeal the statute. (Sutherland on Statutory Construction, sec. 247.)

2. This court has already settled the question as contended for by the appellants in this case. (McClure, &c., v. Alexander, 15 Ky. Law Rep., 732.)

JOHN D. ATCHISON AND POWERS & ATCHISON FOR APPELLEE.

1. In view of the construction put by the courts upon the several statutes for the recovery of damages for death caused by the negligence of another, section 241 of the Constitution was not intended to repeal the third section of chapter 57 of the General Statutes, but to apply to those cases which were not covered by the statutes in existence. (New Constitution, sec. 241; Rev Stat, chap. 31; Gen. Stat, chap. 57, secs. 1 and 3; Gen. Stat, chap. 1, sec 6; Spring's Adm'r v. Glenn, 12 Bush, 172; McCleod v. Ginter's Adm'r, 80 Ky., 400; Henderson's Adm'r v. Railroad Co., 86 Ky., 389; Jordan's Adm'r v. Railroad Co., 89 Ky., 400; Railroad Co. v. Coniff's Adm'r, 90 Ky., 560.)

2. This court will not declare a statute void or repealed if there is a

reasonable doubt as to its val'dity or its being still in operation. (Cooley's Constitutional Limitations, 6th ed.; pp. 76 and 216.)

3. Section 3 of chapter 57 of General Statutes is not inconsistent with section 241 of the Constitution, and the latter should not be given a construction which would repeal the former.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

John Feland, administrator, having received the sum of three thousand five hundred dollars on compromise of an action instituted by him in 1892 to recover damages for destruction of the life of his intestate, John Woods, a short time previously, through willful neglect of servants of the Owensboro and Nashville Railroad Company, brought this action for judgment of court as to proper distribution of the fund; Mary Woods, widow, and Milton Woods and Betty Wright, brother and sister of decedent, who left no child, being defendants and claimants.

By the judgment appealed from by the two heirs-at-law, the widow was found entitled, and the administrator directed to pay her the entire fund, after deducting amount of certain fees and costs.

John Feland alleges in his petition of this action, without denial, that he, as administrator, instituted said action against the Owensboro and Nashville Railroad Company under and for the specific cause provided in section 3, chapter 57, General Statutes; and if that section, as heretofore construed by this court, is to govern, judgment of the lower court must be affirmed. It is as follows: "If the life of any person or persons is lost or destroyed by the willful neglect of another person or persons, company or companies, corporation or corporations, their agents or servants, then the widow, heir or personal representative of the

deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover punitive damages for the loss or destruction of life aforesaid."

But it is contended by appellants that for determination of the controversy we must look alone to section 241 of the present Constitution adopted prior to death of John Woods, and is as follows: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case damages may be recovered for such death from the corporation and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong ; and until such provision is made the same shall form part of the personal estate of the deceased person."

If that section operated to presently and absolutely repeal section 3, chapter 57, General Statutes, there did not exist during the period from adoption of the Constitution to enactment of necessary and contemplated legislation on the subject, any statutory provision whatever in regard to destruction of life of a person through willful neglect. And as a consequence the fund in question forms, in virtue of section 241 alone, part of the personal estate of decedent John Woods, and his widow is entitled, according to the statute of distribution existing at the time, to only half of it after the payment of debts, the residue going to his brother and sister as heirs-at-law.

The decisive question then is, whether such repeal was intended.   Section 1 of the schedule is as follows: "That all laws of this Commonwealth in force at the time of the adoption of this Constitution, not incon- sistent therewith, shall remain in full force until altered or repealed by the General Assembly.  *  * The provisions of all laws which are inconsistent with this Constitution shall cease upon its adoption, except that all laws which are inconsistent with such pro- visions as require legislation to enforce them shall remain in force until such legislation is had, but not longer than six years after the adoption of this Con- stitution, unless sooner amended or repealed by the General Assembly."

There being no express declaration of intention by those who framed the Constitution to thereby repeal section 3, chapter 57, General Statutes, section 241 can not, according to a well settled rule of construction, be regarded as having so operated, unless there is absolute inconsistency between the two.   (Peyton v. Mosely, 3 Mon., 80; City of Henderson v. Lambert, 8 Bush, 609; Courtney v. Louisville, 12 Bush, 424.) And though they may be seemingly imcompatible or contradictory, still, if they can be both enforced, the latter will not be held to repeal the former unless there is reason to conclude it was so intended. (Elizabethtown, &c., R. Co., v. Trustees of Eliza- bethtown, 12 Bush, 235.)

On the contrary, if section 241 can be fairly inter- preted as merely giving cumulative or additional power, right or remedy, it is not, in meaning of the Constitution, inconsistent with section 3, chapter 57;

General Statutes, and both may be upheld. (Gorham v. Luckett, 6 B. M., 146.)

The only part of the former section even seemingly inconsistent with the latter is the following: " *The General Assembly may provide how the recovery shall go and to whom belong ;* and *until such provision is made* the same shall *form part of the personal estate of the deceased person.*" But when the real purpose for which that section was engrafted in the Constitution is considered, it becomes manifest the clauses thereof, just quoted, were not intended to supersede or affect existing statutes that had already provided how damages recovered in particular cases should go and to whom belong, but to operate only in such other cases and for benefit of such other persons as the General Assembly had hitherto failed or refused to provide for. For many years before adoption of the present Constitution, it had been the settled and approved policy of the Commonwealth to give to the widow and children exclusively and solely money recovered for destruction of the life of a person through negligence or wrongful act of another. In 1851 was enacted a statute giving to the widow and minor child of a person killed in a duel, exclusive right of action against the surviving principal, seconds and others aiding or promoting it. In 1860 exclusive right of action was given to the widow and minor child of a person killed by careless or wanton or malicious use of fire-arms or other deadly weapon. And section 3, chapter 57, as it now reads was in 1873 made part of the General Statutes, by which, as construed by this court, the widow and children were entitled to money recov-

ered for destruction of the life of a person through willful neglect. And it was, moreover, decided that no others were under that section entitled to recover or receive any damages, even where there was left no widow or child of the person killed.

The former Constitution contained no provision in terms authorizing such statutory enactments, nor was it necessary there should have been in order to make the three statutes referred to valid; but the General Assembly refused to enlarge the scope of either, and it is, therefore, plain that the only object of section 241 was to authorize recovery of damages for destruction of human life in cases and for benefit of classes of persons where the General Assembly, even if possessing the constitutional power, had not, nor probably would make statutory provision. And with the single purpose of meeting the emergency thus created by section 241, the clauses in question, legislative in character and of merely temporary effect, were made parts of the Constitution. To hold they were intended to repeal or affect section 3, chapter 57, or in fact either of the three statutes mentioned, is to assume a wanton purpose on part of the framers of the Constitution to take from the widow one-half she would be otherwise entitled to in such cases, and all from the infant and helpless children in case there were creditors of the estate of the husband and father whose life was destroyed.

The fact that section 241 conferred full authority and discretion upon the General Assembly to continue in force the three statutes mentioned, or enact others giving the same prior, if not exclusive, right, and as

a consequence the clauses quoted might, and probably would, become obsolete immediately after such legislation by the next General Assembly, shows conclusively they were not intended to have either permanent or temporary effect of so radically changing a policy long settled, and according with the reason and purpose of laws of that character. And that the first General Assembly after adoption of the Constitution, composed of many persons who were members of the Convention that framed that instrument, did, by section 6 of chapter 1, Kentucky Statutes, give the same preference to widow and children of a person killed by willful negligence of another that already existed under section 3, chapter 57, General Statutes, is at least persuasive section 241 was not intended to deprive them of it in any case or for any period of time.

In our opinion the judgment appealed from is correct, and, therefore, affirmed.