## Conover, Police Judge v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Wayne Circuit Court.

1. Fines—City of Fifth Class not Entitled to Fines Collected by Police Judge.—In view of Kentucky Statutes, section 1139, providing that fines and forfeitures inure to the Commonwealth, except when

given to some person or object, a city of the fifth class is not entitled to fines resulting from trial in the police court on warrants issued in the name of the Commonwealth, under section 3637, subsections 5, 6.

2. Municipal Corporations—Power to Collect Revenue Expressly Conferred.—A municipality has only such powers and privileges with respect to the collection of revenue as are conferred by the Constitution and statutes, and no more.

BERTRAM & BERTRAM for appellant.

THOS. B. McGREGOR, Attorney General, and W. N. FLIPPIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Conover as police judge, having declined to report to the Wayne circuit court and to pay to the trustee of the jury fund moneys collected by him as fines resulting from trials in the police court on warrants issued in the name of the Commonwealth of Kentucky under the statutes of the state for misdemeanors, the prosecuting attorney filed his petition showing the funds in appellant's hands and obtained a rule in the Wayne circuit court against appellant Conover as police judge to show why he should not report said fines and pay such moneys as is the duty of a magistrate in such cases to pay to the trustee of the jury fund. Appellant resisted the issual of the rule upon the ground that all the fines which he collected, whether on warrants charging a violation of the city ordinances or a violation of the state statutes, were payable only to Monticello, a city of the fifth class. This contention is based upon subsection 6 of section 3637, Kentucky Statutes, which reads:

"3637-6. To cause persons imprisoned under final judgment in police courts, or in default of payment of fine and costs, or either, imposed by said court, to labor in workhouse, on streets or other public works or property within the city until the imprisonment is satisfied or the fine and cost paid, and to fix amount of such fine and costs that shall be paid by each day's labor."

As well as upon subsection 5 of 3637, which reads:

"To impose fines, penalties and forfeitures for any and all violations of ordinances and for any breach or violation of any ordinance; to fix the penalty by fine or imprisonment, or both; but no such penalty or fine shall

exceed one hundred dollars ($100.00) nor the term of imprisonment exceed fifty days.''

The attorney for the Commonwealth argues that neither of these sections has application to the question, but only relates to the fines and penalties and forfeitures recovered for violation of ordinances of the city. This contention appears to be correct. The Commonwealth insists that under section 1139, Kentucky Statutes, all fines and forfeitures collected in prosecutions where the warrant or indictment runs in the name of the Commonwealth, belong to the Commonwealth and that the city has no right to any part thereof. This section reads:

''All fines and forfeitures which may be imposed by law shall inure and vest in the Commonwealth, except in cases where by law, the whole or a part thereof, shall be given to a person or to some particular object, and may be recovered by civil procedure before any judicial tribunal having jurisdiction, or upon indictment, of a grand jury.''

This statute seems conclusive of the question.

It is insisted by appellant Conover, police judge, that the opinion in the case of Maysville v. Key, 197 Ky. 454, holds to the contrary, but we do not so understand the opinion in that case. The city of Maysville is a city of the third class. Section 3360 and 3368, Kentucky Statutes, are a part of the charter of a city of the third class and fines and forfeitures recovered in the police court, whether under prosecution for violation of a city ordinance or of a state statute are covered by this statute. In that case we held that a city of the third class may, under sections 3360 and 3368, Kentucky Statutes, have and appropriate as general revenue all fines recovered in the name of the city, or in the name of the Commonwealth for the use and benefit of the city, in its courts for any violations of its ordinances, or of the state law where the prosecution originates in its courts; and if the defendant appealed to the circuit or other courts from a judgment or recovery in a police court,' such judgment in a court appealed to shall be for the use and benefit of the city in all cases originating in the city courts and which are reduced to judgment in that court.

There is no statute or provisions in the charter of a city of the fifth class, of which Monticello is one, allowing such cities to appropriate to city uses all or any fines and forfeitures collected in the police court from prosecutions in the name of the Commonwealth under state

statutes. In the absence of such statutory authority a fifth class city is not entitled to such fines. In other words, a municipality has only such powers and privileges with respect to the collection of revenue as are conferred by the Constitution and statutes and no more. Being without right under the statutes to the fines recovered in the name of the Commonwealth for violations of the statutes, the appellant, as police judge of said city, should have reported such fines to the Wayne circuit court and paid the money to the trustee of the jury fund in the same manner as is required of magistrates in like cases. Having failed to do so the rule was properly granted.

Judgment affirmed. Whole court sitting and concurring.