## Campbell County Election Commission v. Weber et al.

(Decided October 6, 1931.)

GEORGE VEITH and OTTO WOLFF for appellant.

CHARLES E. LESTER, Jr., CARL H. EBERT, J. W. CAMMACK, Attorney General, and J. M. GILBERT for appellees.

374

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The precise point presented by this appeal is whether two acts of the General Assembly, passed at the same session, and concerning the same subject, are repugnant to each other, and, if so, which one shall prevail.

The General Assembly, at its 1930 session, passed an act providing for the city manager form of government in cities of the second class. Chapter 91, Acts of 1930, p. 310, Baldwin's 1930 Supplement to Ky. Stats., secs. 3235dd-16 to 3235dd-52.

The act was approved by the Governor on February 12, 1930. At the same session of the General Assembly, but subsequent to the enactment of the City Manager Law, an act known as the Brock-Gilbert Law was adopted. Chapter 49, Acts of 1930, p. 144, sections 1468, 1472, 1481, 1482, 1483, 1483a, Ky. Statutes in Baldwin's 1930 Supplement.

The Brock-Gilbert Law was neither approved nor vetoed by the Governor. Neither act contained an emergency clause and both became effective, in so far as they were valid, ninety days after the adjournment of the General Asesmbly. Constitution, sec. 55.

The City Manager Act, in providing for a primary election for the selection of candidates for the city offices, contained this clause:

"The officers of election shall, immediately upon the closing of the polls, count the ballots and ascertain the number of votes cast in each precinct for each of the applicants, and make return thereof to the county clerk upon proper blanks to be furnished by the said clerk, within six hours of the closing of the polls. On the day following the said primary election the county board of election commissioners shall canvass said returns so received from all the polling precincts, and shall publish in the official newspaper of the city, at least once, the result thereof. Said canvass by the county board shall be publicly made." Section 6, Ky. St. Supp. 1930, sec. 3235dd-21.

The Brock-Gilbert Law provided that "in any general or primary election held in this state or any county, district or municipality, the same procedure shall prevail and the county election commission shall count

and certify the result in the manner herein provided.'' Section 4, Ky. St. Supp. 1930, sec. 1482.

The procedure referred to and which was required to prevail in every general and primary election was the method of discharging its duties imposed upon the county board of election commissioners by the preceding provisions of the same act.

A primary election is to be held in Newport, a city of the second class, where the city manager form of government has been adopted, on the third Saturday before the day for the regular election in November, which will be October 17, this year, and this action was filed under the Declaratory Judgment Act (Civil Code of Practice, sec. 639a-1 et seq.) to determine the duties of the precinct officers of election, and the county board of election commissioners, in the premises. The circuit court held that the Brock-Gilbert Law was in conflict with the City Manager Law in respect to the counting and certifying of the votes, and necessarily prevailed, because it was the latest expression of the legislative will. This appeal has been prosecuted to determine finally the correctness of that conclusion.

Statutes enacted at the same session of the Legislature are presumed to be imbued with the same spirit and actuated by the same policy, and must be construed, if possible, so as to effectuate both acts. If one of the inconsistent acts contains an emergency clause, and the other does not, it is presumed that the General Assembly intended the act with the emergency clause to prevail. Naylor v. Board of Education, 216 Ky. 766, 288 S. W. 690.

Repeals by implication are never favored, and will be sanctioned only when there is such irreconcilable conflict between the two that effect reasonably cannot be given to both acts. The implication of repeal of an act by a later one must be so clear as to be equivalent to an explicit declaration to that effect. But when two acts, although passed at the same session, are so repugnant to each other that one cannot be executed without offending the other, the one which is the later expression of the legislative will must prevail. Willson v. Hahn, 131 Ky. 439, 115 S. W. 231, 22 L. R. A. (N. S.) 761; Peyton v. Moseely, 3 T. B. Mon. 77; City of Henderson v. Lambert, 8 Bush, 607; Wright v. Woods, 96 Ky. 56, 27 S. W. 979, 16 Ky. Law Rep. 337; Lambert v. Board of Trustees, 151

Ky. 731, 152 S. W. 802, Ann. Cas. 1915A, 180; Thomas
v. Hurst Home Ins. Co., 186 Ky. 178, 216 S. W. 368;
Schultz v. Ohio County, 226 Ky. 633, 11 S. W. (2d) 702;
Wood v. Com., 229 Ky. 452, 17 S. W. (2d) 440; U. S. v.
Tynen, 11 Wall. 88, 20 L. Ed. 153; U. S. v. Yuginovich,
256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; Frost v.
Wenie, 157 U. S. 46, 15 S. Ct. 532, 39 L. Ed. 614; U. S. v.
Noce, 268 U. S. 613, 45 S. Ct. 610, 69 L. Ed. 1116; Wash-
ington v. Miller, 235 U. S. 422, 35 S. Ct. 119, 59 L. Ed.
295; Osborn v. Nicholson, 13 Wall. 654, 20 L. Ed. 689;
Barney v. Dolph, 97 U. S. 652, 24 L. Ed. 1063.

The destructive repugnancy of the acts in question
here cannot be doubted. The counting and certification
of votes is the subject matter of the legislation, and the
duty of counting and certifying the votes in the city
primary is imposed by the one act upon the precinct
election officers, requiring them to act immediately upon
the closing of the polls. By the terms of the other act,
the precinct officers are required to deliver the ballots as
cast by the voters to the county clerk, whose duties
respecting further procedure are definitely defined. The
duty of counting and certifying the votes is specifically
imposed upon the county board of election commis-
sioners, and the time of beginning the count is fixed at
10 o'clock on the first weekday after any primary or
general election, and they are required to proceed as
speedily as practical to count the ballots, to announce
the results, and to certify the returns. The result is that
both sets of officers may not perform the duties imposed
by the respective statutes. Both acts cannot stand,
because the execution of one would defeat the operation
of the other act.

In such situation, it is settled by the decisions in
this state, and supported by the authorities in general,
that the law last enacted must be regarded as the final
expression of the legislative will and permitted to pre-
vail. 36 Cyc. 1086; State v. Marion County, 170 Ind. 595,
83 N. E. 513; State Board of Election Com'rs v. Cole-
man, 235 Ky. 24, 29 S. W. (2d) 619; O'Brien v. Sedalia
Trust Co., 319 Mo. 1001, 5 S. W. (2d) 74; Merchants'
Transfer & Warehouse Co. v. Gates, 180 Ark. 96, 21 S. W.
(2d) 406; People v. Kramer, 328 Ill. 512, 160 N. E. 60;
Swift & Co. v. Sones, 142 Miss. 660, 107 So. 881.

It follows that the Circuit Court ruled correctly in
holding that the Brock-Gilbert Law prevailed and super-

seded the provisions of the City Manager Law concerning the manner of counting and certifying the primary election ballots.

The judgment is affirmed.

Whole court sitting.