## United States Fidelity and Guaranty Company v. Steele, Mayor, et al.

(Decided January 15, 1932.)

WILLIS W. REEVES for appellant.

T. E. MOORE and CLARK PRATT for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Reversing.

In May, 1928, Burchel Munsey brought an action against the city of Hazard and the Louisville & Nashville Railroad Company to recover damages for personal injuries sustained by him in falling from a bridge across the Kentucky river, which was in bad repair and gave way with him. Judgment was rendered in his favor against both defendants for the sum of $5,875, with interest and costs. The city and the railroad company both appealed with supersedeas; the United States Fidelity & Guaranty Company being the surety in the appeal bond executed by the city. The judgment appealed from was affirmed. The railroad company paid its half of the judgment; the city failed to pay; the surety company thereupon paid the city's half of the judgment, amounting to $3,451.15, and took an assignment of the judgment to it. The city having failed to pay, the surety company brought this suit against the members of the city council, alleging these facts, and praying a mandamus requiring them to levy and collect a special tax for the satisfaction of the plaintiff's claim. The city of Hazard tendered its intervening petition, alleging that on July 12, 1926, the surety company signed and delivered to it as surety the bond of Harvey Engle in the penal sum of $50,000, by which it covenanted that Harvey Engle, as tax collector for the city of Hazard, for a term beginning the 12th day of July, 1926, and ending on the 12th day of July, 1928, would faithfully perform all the duties of the office and account for any pay over all money collected by him; that Engle did not properly perform the duties of the office, and collected and failed to pay over to the city the sum of $19,612.26, which was wholly unpaid. It prayed that it be made a party to the action; that its petition be taken as its answer and setoff against the plaintiff; that the plaintiff's claim be credited upon the judgment the petitioner obtained in the action and for judgment for the remainder of its claim against the surety company. The plaintiff moved to strike the pleading from the file. The court overruled

the motion. The plaintiff entered a motion for a writ of mandamus, pursuant to the prayer of the petition, and filed a special demurrer to the answer of the city, on the ground that the city was not a proper party to the proceeding. The court overruled the special demurrer; entered an order making the city of Hazard a party to the action, its intervening petition to be treated as its answer and set-off, and overruled the plaintiff's motion for a writ of mandamus. The court's order overruling the plaintiff's motion for a writ of mandamus against the city council concludes with these words:

"And said motion for writ of mandamus is denied and said writ of mandamus is refused. To all of the foregoing the United States Fidelity and Guaranty Company, plaintiff, excepts and prays an appeal to the Court of Appeals which is granted."

The plaintiff's petition was not dismissed. No final order was made upon the answer. Section 475 of the Code provides:

"The court shall hear and decide all questions of law or fact arising on the motion, and the granting or refusing of the writ shall be the final order on the motion."

By the Act of May 15, 1886 (see Acts of 1886, vol. 1 p. 111), certain provisions as to later steps in the proceeding were added to the above section of the Code, leaving the original section otherwise unchanged. By the Act of January 13, 1888 (See Acts of 1888, vol. 1, p. 3), the Act of May 15, 1886, was repealed. Section 464, Kentucky Statutes, provides:

"When a law which may have repealed another shall be repealed, the previous law shall not be revived unless the law repealing it be passed during the same session of the general assembly."

This provision has no application to an amending act which makes no change in the existing law, except to add some other provisions to it. The cases where the repeal of the amending act was held not to leave the original act in force were all cases where the amending act substantially changed the old law and was a virtual repeal of the old law. But that was not the case here. The amending act simply added an additional provision to the old law, and the repeal of the amending act simply

left the law as it was before the act of 1886 was passed. See Matter of Rochester Water Commissioners, 66 N. Y. 413; People v. Supervisors, 67 N. Y. 109, 23 Am. Rep. 94. The appeal was therefore properly taken from the order above quoted.

The court properly allowed the petition of the city of Hazard to be filed. In 38 C. J., p. 856, sec. 559, the general rule is thus stated:

"Notwithstanding some authority apparently to the contrary, it has generally been held that persons who, by reason of being interested in the subject matter of the proceeding, might or should have been joined as parties respondent, may be brought in as such pendente lite." To the same effect see 18 R. C. L., sec. 278, p. 330; Conlee v. Clay City, 102 S. W. 862, 31 Ky. Law Rep. 533. Sections 22, 23, and 28 of the Code of Practice.

It is the well-settled rule under the Code that any person having a direct legal interest in the controversy, and who is liable and will be affected by the judgment, may intervene and be heard in defense of his rights. The city of Hazard is the person against whom the liability sought to be enforced will fall, and it was properly allowed to defend and show, if it can, any reason why the relief sought by the plaintiffs should not be granted. Johnston v. Conway, 151 Ark. 398, 237 S. W. 80; Mac-Brayne v. City Council, 241 Mass. 381, 135 N. E. 311; Rinehart & Dennis Co. v. McArthur, 123 Va. 556, 96 S. E. 829; State v. Northern Pacific R. Co., 88 Mont. 529, 295 P. 257.

In Daniel v. Warren County Court, 1 Bibb, 499, this court thus stated the rule as to when the writ may issue:

"The writ of mandamus is discretionary; and may be granted or refused, even in cases where it might seem an appropriate remedy; as where the end of it is merely a private right, where the granting of it would be attended with manifest hardships and difficulties." To the same effect see 38 C. J., p. 549, sec. 18.

Under all the facts here the court concludes that the circuit court did not abuse a sound discretion in refusing to award the writ of mandamus on the pleadings as they stood. But the order of the circuit court should be

limited so as to show that it is not a final disposition of the matter, and on the return of the case, after the words, "said writ of mandamus is refused," these words will be added to the judgment, "for the present," so that this part of the judgment will read, "said writ of mandamus is refused for the present."

Judgment reversed, and cause remanded for further proceedings consistent herewith.

Whole court sitting.