## City of Pineville v. Meeks.

(Decided April 17, 1934.)

E. B. WILSON and H. W. ROLLINS for appellant.
EUGENE R. ATTKISSON and W. T. DAVIS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Charles L. Meeks, trading and doing business as "Here Comes Meeks," has been convicted in the police court of Pineville, a city of the fourth class, of the offense of operating a motortruck for hire without a permit as required by ordinance of the city. Upon appeal to the circuit court it was held that the city ordinance in question is invalid in that it is in violation of the provisions of chaper 104, Acts of the General Assembly of 1932; and judgment was entered sustaining a demurrer to the warrant and dismissing same, and the city is appealing.

The title to the ordinance reads:

"An ordinance regulating traffic and providing for the supervision and inspection of heavily loaded vehicles using the streets of Pineville, Ky., and providing for the protection of said streets, sewer lines and other public property and providing for the health, and safety and general welfare of the citizens of said city, and repealing all privilege license tax ordinances affecting trucks and heavily loaded vehicles carrying goods, wares and merchandise for hire operating under certificate issued by the State Tax Commission."

Section 1, in substance, repeals all license tax ordinances of the city pertaining to trucks carrying goods, wares, or merchandise for hire and licensed by the State Tax Commission under the provisions of section 2, art. 1, c. 104, Acts of the General Assembly of 1932 (2739j-42 et seq., Carroll's 1932 Supplement to Kentucky Statutes). By various sections the ordinance makes the chief of police of the city and his deputies "supervisors of heavy motor traffic" to enforce its provisions, and provides that no truck or other heavy motor vehicle carrying goods, wares, or merchandise for hire shall enter upon any street or public highway of the city without first obtaining a permit so to do from the clerk of the city, excepting, however, motor vehicles operating in interstate commerce and those passing through the city and using certain streets designated in the ordinance. It further provides, for the purpose of regulating motor vehicles and the cost of necessary supervision and inspection, that the clerk of the city shall charge for permits sums ranging from $15 for each vehicle of one ton and under to $100 for each vehicle of four tons and over, and that the inspection and regulatory fees paid under the ordinance shall be used for the purpose of enforcing it.

By stipulation, it is made to appear that the owner of the truck, charged to have been operated in violation of the city ordinance, was required to and had obtained a permit from the State Tax Commission under the provisions of chapter 104, Acts of the General Assembly of 1932, to operate it on the public highways of the state. Chapter 104, supra, provides that no motor vehicle except such as are exempted under section 26 thereof shall transport persons or property for hire on public highways of the state except under a permit granted by the State Tax Commission as provided in the act, and defines "public highway," as used in the act, to mean "every public street, alley, road or highway in this State, whether within or without the corporate limits of any municipality." Article 1, sec. 1 (e). Section 11, art. 4 of the act reads:

"The fees and taxes prescribed by this Act shall be in addition to the fees and taxes prescribed by any other law of this State; provided, however, no municipality shall be authorized to impose a license fee or tax upon any motor vehicle operated under a

certificate or permit granted pursuant to the provisions of this Act.''

Section 26, art. 4, among other things, exempts motor vehicles operated for hire exclusively within the limits of a city or incorporated town or within ten miles of the limits of cities of the first to the fifth class, inclusive, or within five miles of the limits of towns of the sixth class, and certain other motor vehicles.

Chapter 106 of the Acts of the General Assembly of 1932, which is:

''An Act to further regulate motor-trucks, semi-trailer trucks, semi-trailers and trailers to enlarge the powers of the State Highway Commission, County Courts, and cities and incorporated towns in respect thereof * * *''

prescribes the maximum dimensions, weight, speed, etc., of trucks that may be used on public highways, and among other things provides:

''* * * that all cities and incorporated towns are hereby empowered * * * to impose license taxes on motor-trucks, truck-tractors, semi-trailers and trailers, and to require that all vehicles to which licenses may be issued shall affix the registration plate or plates issued as evidence of said licenses to said vehicles in some conspicuous place, to be prescribed by ordinance.'' Section 13 (b).

It is argued by counsel for appellant that the ordinance in question is invalid in so far as it attempts to impose a license tax or fee upon owners of trucks required to secure a permit therefor under the provisions of chapter 104, supra, because the exaction of such fees or tax is expressly prohibited by section 11, art. 4, of that chapter. The ordinance is challenged as invalid on other grounds, but the case may be disposed of without giving these consideration.

Counsel for appellee contend that the ordinance is a regulatory measure and the sums charged for permits as provided therein are regulation fees to be used for the purpose of enforcing its provisions, and not license fees or taxes, and it is further argued in effect that if it is a license fee or tax, it may be justified and upheld under the quoted provisions of chapter 106, supra, as well as under the charter of the city and its general police powers.

Regardless of what the sums required to be paid. for permits under the provisions of the ordinance may be termed or the purpose for which they may be used,. the conclusion is inevitable that they are license fees or taxes within the meaning of section 11, art. 4, c. 104,. supra.

This conclusion brings us to a consideration of whether the Legislature may and has forbidden cities. and towns from imposing a license tax or fee upon. trucks subject to the provisions of chapter 104 of the Acts of 1932. Municipalities are creatures of the law and are political subdivisions of the state created as a. convenient agency for the exercise of such powers as. are conferred upon them by the Legislature. Hurley v.. Motz, 151 Ky. 451, 152 S. W. 248; Mansbach Scrap Iron Co. v. City of Ashland, 235 Ky. 265, 30 S. W. (2d) 968. They represent no sovereignty distinct from the state and possess only such powers as the state through its. Legislature has expressly or impliedly conferred upon. them. Walker v. City of Richmond, 173 Ky. 26, 189 S.. W. 1122, Ann. Cas. 1918E, 1084; City of Morganfield v.. Wathen, 202 Ky. 641, 261 S. W. 12; Board of Education of City of Newport v. Scott, 189 Ky. 225, 224 S. W. 680;. Juett v. Town of Williamstown, 248 Ky. 235, 58 S. W. (2d) 411. Their only powers with respect to the imposition and collection of revenues are conferred by the Constitution or laws of the state. Conover v. Commonwealth, 200 Ky. 318, 254 S. W. 901. Necessarily the power to create a political subdivision and to prescribe the governmental powers and to fix the limits thereof carries with it the right to amend, abridge, or repeal.

As a matter of first impression, it would appear that the two acts in question are in irreconcilable conflict with respect to the license tax or fee for granting permits to motor trucks; however, when considered as a. whole and read together in the light of the legislative intent and purpose and established rules of construction, no such conflict appears.

Where two acts are passed at the same session of the General Assembly relating to the same subject, it. will be presumed that it was the intent of the Legislature to make both effective, Kirkman v. Williams, 246 Ky. 481, 55 S. W. (2d) 365, and such statutes should, if possible, be so construed by courts as to give effect to both. Naylor v. Board of Education of Fulton County,.

216 Ky. 766, 288 S. W. 690; Tubbs v. Commonwealth, 248 Ky. 24, 58 S. W. (2d) 236.

In the case of Campbell County Election Commission v. Weber et al., 240 Ky. 373, 42 S. W. (2d) 511, 512, the established rules governing the construction of such statutes are clearly set out with an exhaustive compilation of authorities supporting the rules enunciated. In the course of the opinion it is said:

> "Statutes enacted at the same session of the Legislature are presumed to be imbued with the same spirit and actuated by the same policy, and must be construed, if possible, so as to effectuate both acts. * * *

> "Repeals by implication are never favored, and will be sanctioned only when there is such irreconcilable conflict between the two that effect reasonably cannot be given to both acts. The implication of repeal of an act by a later one must be so clear as to be equivalent to an explicit declaration to that effect. But when two acts, although passed at the same session, are so repugnant to each other that one cannot be executed without offending the other, the one which is the later expression of the legislative will must prevail. * * *

> "In such situation, it is settled by the decisions in this state, and supported by the authorities in general, that the law last enacted must be regarded as the final expression of the legislative will and permitted to prevail."

Our conclusion is that it was within the power of the Legislature, in imposing license taxes upon motor vehicles subject to the provisions of chapter 104, to forbid municipalities imposing any additional fees or taxes thereon. And when the two acts are read together and considered in their entirety, it is apparent that it was the legislative intent that both should be given effect and there is no such conflict as would defeat such intention. It is manifest that by chapter 106 of the Acts of 1932, the Legislature did not intend to confer upon cities and towns the power to impose license taxes or fees upon vehicles subject to the provisions of chapter 104, but to limit the power of municipalities with respect to the imposition of license taxes or fees to such vehicles as are exempted from the provisions of chapter 104.

It follows therefore that the truck charged to have been operated in violation of the city ordinance was subject to the provisions of chapter 104 and the city was without authority to impose a license tax or fee for its operation within the city. Any other construction of the acts would leave them in such conflict that both could not be given effect, and under the rules of construction hereinbefore set out, chapter 104, which the journal of the House and Senate shows to be the later act, would prevail and the same result would be reached so far as this case is concerned.

Judgment affirmed.