## Dreidel et al. v. City of Louisville et al.

(Decided May 18, 1937.)

H. O. WILLIAMS for appellants.

MARK BEAUCHAMP and THOMAS A. BALLANTINE for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The only question involved on this appeal: Did the act known in common parlance as the "Bar Act," being sections 101-1, 101-2, Kentucky Statutes (chapter 3, Acts 1934), repeal, either by express terms or implication, section 3011, Kentucky Statutes? The lower court adjudged that it did not. From that judgment, this appeal is prosecuted.

Anton B. Dreidel, a practicing attorney, in good standing, in the City of Louisville, Ky., suing for himself, and all other attorneys practicing in the city, has instituted this action to prevent the City of Louisville from collecting a license fee, that had been imposed by the board of aldermen of the city for the purpose of the

sinking fund, and to have a declaration of the rights of the parties.

The Bar Act is as follows:

"Sec. 101. Attorneys-at-law of any of the United States, who have been regularly admitted to practice in the superior courts of their own state, may be admitted to practice law in any of the courts of this State. They shall be under the same re-sponsibilities for the faithful discharge of their duties as are imposed on attorneys resident in this State.

"Sec. 101-1. The Court of Appeals of Kentucky shall, from time to time, adopt and promulgate such rules and regulations as the Court may see proper.

"(a) Defining the practice of law, but no provision herein shall prevent any person not holding himself out as a practicing attorney from writing a deed, mortgage or will, or prevent any party from drawing any instrument to which he is a party.

"(b) Prescribing a code of ethics governing the professional conduct of Attorneys at Law and the practice of law.

"(c) Establishing practice and procedure for disciplining, suspending and disbarring attorneys at law.

"(d) Organizing and governing a Bar Association of the attorneys at law of this State to act as an administrative agency of the Court of Appeals of Kentucky for the purpose of enforcing such rules and regulations as are prescribed, adopted and promulgated by the Court of Appeals under this Act, providing for the government of the State Bar as a part of the judicial department of the State government, and for such divisions thereof as the Court of Appeals shall determine, and requiring all persons practicing law in this State to be members thereof in good standing, and fixing the form of its organization and operation.

"(e) Fixing a schedule of fees to be paid for the purpose of administering this Act, and rules and regulations to be prescribed, adopted and pro-

mulgated hereunder for the collection and disbursement of such fees, provided, that the annual fees shall not exceed the sum of two ($2.00) dollars.

"Sec. 101-2. When and as the rules of Court herein authorized shall be prescribed, adopted and promulgated, all laws or parts of laws in conflict therewith shall be and become of no further force or effect to the extent of such conflict."

Section 3011, Ky. Statutes—as affecting the City of Louisville, the only city of the first-class in the State —is as follows:

"The general council shall, by ordinance, provide for the following licenses, to be paid into the sinking fund, with adequate penalties for doing business for following the calling, occupation, profession, or using, or holding, or exhibiting the articles herein named without the required license: * * *

"For each attorney and counselor-at-law * * * not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00) per annum. Should any of the foregoing parties be associated in a firm, each member of the firm shall pay a separate license tax."

Pursuant to section 3011, supra, an ordinance was enacted by the city, so far as it applies to lawyers is in substance as follows:

"A license fee of Twenty-five ($25.00) Dollars per year shall be paid by each person engaged in the practice of any of the professions, or carrying on any of the businesses mentioned in this section, to-wit: * * *

"Lawyers

"Should two or more persons be associated in a firm each person in such firm who practices such profession for it, or carries on the business of such firm or corporation in the line of business or profession in which it is engaged shall pay a separate license fee."

It is conceded that the passage of the Bar Act is subsequent to the passage of section 3011, Kentucky Statutes, also the ordinance passed in pursuance of

same, fixing the license fee at $25. The board of alder-
men had the right and was fully empowered to levy
the license tax upon the profession of the practice of
law in the City of Louisville, under section 3011, supra,
unless that section and the ordinance passed thereunder
was repealed when the Bar Act was passed by the
Legislature.

This court and many other courts of other juris-
dictions have laid down the following rules as to the
repeal of Statutes:

"A statute may be repealed by the express
provision of a subsequent statute or by implication
when the provisions of the earlier and later statutes
are repugnant to each other and irreconcilable, or
when the subsequent statute covers the whole sub-
ject-matter of the former and is manifestly intended
as a substitute for it. Exall v. Holland, 166 Ky.
315, 179 S. W. 241.

"It is a well-settled principle of statutory con-
struction that repeals by implication are not favored
and will not be declared except it be impossible
to permit both statutes to stand. Louisville & N.
R. Co. v. Jarvis, 87 S. W. 759, 27 Ky. Law Rep.
986. * * *

"The rule is thus stated in 36 Cyc. pp. 1077,
1078: " 'Where, however, a later act covers the
whole subject of earlier acts and embraces new
provisions, and plainly shows that it was intended,
not only as a substitute for the earlier acts, but to
cover the whole subject then considered by the
Legislature, and to prescribe the only rules in re-
spect thereto, it operates as a repeal of all former
statutes relating to such subject-matter, even if
the former acts are not in all respects repugnant
to the new act.' "

See Thomas, Insurance Commissioner, v. Hurst
Home Insurance Company, 186 Ky. 178, 216 S. W. 368,
369.

If, on applying these rules, section 3011, and the
ordinance fixing the license, were repealed, by the
enactment of the Bar Act, then the contention of appel-
lant Dreidel is correct.

In section 101-2, Kentucky Statutes, we find that

the only express repeal referred to, are those parts of the act we have quoted, that conflict with the rules of the court, to be prescribed, adopted, and promulgated, and only to the extent of such conflict. The object and purpose of the act was to authorize the Court of Appeals to make necessary rules prescribing proper standards for the practice of law, and for the government of the State Bar as a whole. Therefore, whatever repeal expressly made by that act, would and does, relate only to the eligibility of lawyers in the practice of their profession. Such act does not expressly repeal section 3011 of the Statutes.

Counsel insists that section 3011, if not expressly repealed, was repealed by implication. There is no inconsistency that we can see, between the Bar Act and section 3011.

The object of that act was exclusively for the purpose to raise the standard of the practice of law in Kentucky. Its only purpose was to prescribe a code of ethics governing the profession and conduct of attorneys in the practice of law, and for the further purpose of establishing a procedure for disciplining, suspending, and disbarring attorneys at law, and providing for the organization and operation of a Bar Association, and prescribing a fee to be paid not to the state or to the treasurer of the state, but to a select officer of the Bar Association to be used solely for paying expenses in administering the purposes of the association. There is nothing that we can see or discover in the act, or any part of it, that conflicts with section 3011. The fee of $2 to be collected, and when collected, under that act, is used entirely to meet the expenses of administering the act, and rules and regulations to be prescribed, adopted, and promulgated under that act. Section 3011 was passed entirely for another purpose, which was to enable the City of Louisville to raise revenue in addition to its ad valorem and poll taxes, to pay the obligations of the government and for no other purpose. The purpose of the two acts are in no respect the same. There is no conflict between them. Counsel fails to point out any conflict. A number of authorities is referred to, but in our judgment do not apply to the question at hand. We are of the opinion that the Bar Act does not, by implication, conflict with section 3011. It is insisted that the passage of a general law covering a whole

subject-matter will supersede an existing law on the same subject. That is true, but there are no facts in the instant case authorizing the application of that rule. The Bar Act, as we conceive it, provides a law for the creation of a board to determine the eligibility of attorneys and to fix standards concerning their conduct as lawyers and their conduct in the practice of their profession. Section 3011 has nothing to do with the eligibility of attorneys, nor to the creation of standards by which they must practice their profession. It relates only to revenues to be collected by the City of Louisville.

It is a well-settled rule, that where two laws exist, they should be construed, if possible, so as to give effect to the legislative intent. Repeals by implication are not favored and such repeals will never be sanctioned, unless there is such an irreconcilable conflict between the two that reasonable effect cannot be given to such acts. In fact, the implication by a repeal of any act by a later one must be so clear as to be equivalent to an explicit declaration to that effect. Campbell County Election Commission v. Weber et al., 240 Ky. 373, 42 S. W. (2d) 511; City of Pineville v. Meeks, 254 Ky. 167, 71 S. W. (2d) 33. We find no conflict that is irreconcilable between the two acts. The Bar Act is merely a law passed defining what constitutes the legal practice of law; that is, no person can practice law in the State of Kentucky, until he or she has complied with the rules and provisions set forth by the Court of Appeals, pursuant to their authority under that act.

The ordinance imposes a license tax upon lawyers of the City of Louisville who have complied with the requirements of the Bar Act, and who have maintained themselves in their practice as prescribed by the rules of the Court of Appeals, which has been adopted and promulgated pursuant to the Bar Act. The Bar Act provides a test to be applied to an individual before he is required to pay the fee imposed by that act. It is insisted that by the Bar Act all lawyers are now a part of the Judicial Department of the State, and for that reason the city is without power to tax them; relying on the case of Kentucky Institution for Education of Blind v. City of Louisville, 123 Ky. 767, 97 S. W. 402, 8 L. R. A. (N. S.) 553, which has no application here.

Members of the Bar are not members of the State

Judicial Department, in the full sense of that expression. That contention is made by counsel on account of a part of section 101-1, which provides for the government of the State Bar, as a part of the Judicial Department of the State Government. This language has been misconstrued. It is true the word "judicial" is used in referring to the Department of the state, but for the purpose only of governing the Bar Association. There is no attempt on the part of the act to make lawyers and attorneys a part of the Judicial Department or to give them judicial authority except as was necessary for them as members of that Department for the purpose of administering the rules of government promulgated by the Court of Appeals. In that respect the Bar Act has been construed by this court in the case of Talbott, Auditor, v. Park, 256 Ky. 534, 76 S. W. (2d) 600. The court said:

> "The members of the board are merely administrative agents of the Court of Appeals selected under rules promulgated by it to assist the court in enforcing the rules and regulations adopted pursuant to chapter 3 of the Acts of 1934. The members of the Board of Commissioners of the State Bar are not officers in the meaning of section 165 of the Constitution or sections 3744 and 3746 of the Statutes. * * * The act itself creates no office, nor do the rules adopted by the court. *No judicial powers are delegated to the Board of Bar Commissioners.* Power is conferred on the board to investigate complaints and charges against members of the bar. The board *acts merely in an administrative capacity and as an agency of the Court of Appeals, clothed, under its rules, with power to make investigations and return to the Court of Appeals its findings.*"

If members of the Board of Bar Commissioners have no judicial power, certainly the individual members of the association would not have any.

The fact that appellant is a member of the Bar Association does not constitute him a member of the State Judicial Department. We think the lower court was right in sustaining a demurrer and dismissing appellant's petition.

Judgment affirmed.