## Sumpter v. Burchett, as Commonwealth's Attorney, et al.

May 27, 1947.

Watt M. Prichard, Judge.

Caldwell & Gray for appellant.

Thomas Burchett, Commonwealth's Attorney, Golden & Lay, Val J. Mitch, T. C. Townsend and M. E. Boiarsky for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing.

This action attacks the constitutionality of an act of the 1946 session of the General Assembly of Kentucky which undertakes to make the Kentucky Workmen's Compensation Act, KRS 342.001 et seq., compulsory as to employers engaged in hazardous occupations providing criminal penalties against any employer who fails to operate under it. At the same session of the General Assembly another bill was enacted which recognizes the right of an employer who is engaged in a hazardous occupation to conduct his business without accepting the provisions of the Workmen's Compensation Act, but requires such employer so operating to insure the payment of any final judgment of a court of competent jurisdiction obtained against him by an employee or his personal representative for damages resulting from injuries

to the person, or death of such employee, by accident arising out of and in the course of his employment.

The appellant, operator of a lumber yard, and admittedly engaged in a hazardous occupation, brought this action for a declaration of his rights, alleging that he desires to operate his business without accepting the provisions of the Workmen's Compensation Act, but is willing to comply with the law last mentioned through insuring, in accordance with the terms of that law, the payment of judgments obtained against him by his employees or their personal representatives. He further alleges that he is prevented from doing so by the provisions of the compulsory act, but insists that this act is invalid since it conflicts with certain provisions of the Kentucky Constitution.

A demurrer was sustained to the petition and upon appellant's refusal to plead further the action was dismissed.

The effect of the judgment is to uphold the validity of the compulsory act, and this appeal has been prosecuted to determine the correctness of that conclusion.

The parties have ably presented the question of whether the compulsory act conflicts with our Constitution; but we do not reach that question.

The official publication of the Acts of the General Assembly, 1946 session, shows that Senate Bill No. 143, Chapter 203 of the Acts, KRS 342.005 to 342.009, was passed March 6th, enrolled March 7th, and neither approved nor disapproved by the Governor for reasons assigned as follows, Acts 1946, page 555:

"Statement by the Governor

"Re: Senate Bill No. 143

"This bill requires persons engaged in hazardous employment to accept the Workmen's Compensation law or be subject to fine or imprisonment.

"There is a division of opinion as to its validity. The elective compensation law is a mutual arrangement requiring affirmative acceptance both employed and employer. To compel acceptance by one when it cannot constitutionally be enforced on the other party may engender insuperable obstacles.

"In view of the doubt that has been raised, I neither approve nor disapprove the Act, but let it take its course.

"Simeon Willis, Governor

"Frankfort, Kentucky

"March 18, 1946."

Senate Bill No. 143 is the act which makes it compulsory for all employers engaged in hazardous occupations to accept the provisions of the Workmen's Compensation Act.

House Bill No. 201, Chapter 61 of the Acts of 1946, KRS 342.016 and 342.017, was passed March 13th, enrolled March 15th, and approved by the Governor on March 26, 1946. This last enacted bill is the law under which appellant desires to operate.

It is well settled that two or more acts dealing with the same subject matter must be construed in pari materia, and any apparent conflict between them must be reconciled, if possible, so as to give effect to both. Cawood v. Coleman, 294 Ky. 858, 172 S. W. 2d 548, and Tubbs v. Commonwealth, 248 Ky. 24, 58 S. W. 2d 236, and the authorities therein cited.

Statutes enacted at the same session of the legislature are presumed to be actuated by the same policy, and likewise must be construed, if possible, so as to effectuate both acts. Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690; Campbell County Election Commission v. Weber, 240 Ky. 373, 42 S. W. 2d 511. However, if the two acts are irreconcilable the last enacted must prevail, although repeals by implication are never favored and will be sanctioned only when there is such a conflict between the two that effect can not be given to both. As stated in Campbell County Election Commission v. Weber, supra (240 Ky. 373, 42 S. W. 2d 512): "When two acts, although passed at the same session, are so repugnant to each other that one cannot be executed without offending the other, the one which is the later expression of the legislative will must prevail (citing authorities)."

The repugnancy of the two acts in question here can not be doubted. Under the law first enacted the

employer would be compelled, under drastic criminal penalties, to accept and operate under the provisions of the Workmen's Compensation Act, and forbidden to continue operating at common law. Under the last enacted statute the employer is permitted to reject the Workmen's Compensation Act and operate at common law, but required to furnish financial security for common law judgments. Manifestly an employer may not operate under both. If he elects to operate under House Bill No. 201, he would be in direct violation of Senate Bill No. 143, and subject to criminal penalties. If Senate Bill No. 143 is valid, House Bill No. 201 falls by its own weight. The result is that both acts can not stand, and in such a situation the law last enacted must be regarded as the final expression of the legislative will and permitted to prevail. State Board of Election Commissioners v. Coleman, 235 Ky. 24, 29 S. W. 2d 619; City of Pineville v. Meeks, 254 Ky. 167, 71 S. W. 2d 33.

Appellee raises the question as to whether or not repeal by implication of the compulsory act affects the present Workmen's Compensation law, it being argued that Senate Bill No. 143 amended and reenacted KRS 342.005, thereby repealing that section as it stood prior to the passage of Senate Bill No. 143. KRS 446.100 provides: "When a law that has repealed a former law is repealed, the former law shall not be revived unless the law repealing it is passed during the same session of the General Assembly which enacted the second repeal."

Since we have determined that Senate Bill No. 143 was repealed by implication because of the passage of the later act, the Workmen's Compensation Act, as it existed prior to 1946, is unaffected. At any rate, Senate Bill No. 143 did not specifically repeal KRS 342.005, but only amended and reenacted it. In United States Fidelity & Guaranty Company v. Steele, 241 Ky. 848, 45 S. W. 2d 469, it was said that section 464 of the Kentucky Statutes which contained the same language as KRS 446.100, had no application to an amending act which simply added an additional provision to the old law, and that the repeal of the amending act simply left the law as it was before the amending act was passed.

We must be guided by the intention of the legislature, and in view of the Governor's statement regarding

doubts which had arisen as to the constitutionality of Senate Bill No. 143, we may conclude that the legislature was somewhat doubtful as to the validity of its first enacted bill and later enacted House Bill No. 201 in order to insure the desired financial protection of employees. The fact that the later enacted bill continues in effect the then existing provisions of the Workmen's Compensation law which permitted an employer to reject the provisions of that law and operate at common law, is an obvious answer.

The passage of the last act seems to us to be a clear cut expression of the legislature of its intention to repeal the previously enacted law and add to the present Workmen's Compensation Act the requirements which insure payment of common law judgments in favor of employees on account of accidents arising out of and in the course of their employment.

It follows that the judgment below, upholding the validity of the compulsory act, is erroneous and such judgment is reversed for proceedings not inconsistent with this opinion.