# Butcher v. Adams.

May 6, 1949.

Combs & Combs and W. A. Johnson for appellant.

Wheeler & Wheeler for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellant brought suit for damages against appellee who, while acting as sheriff, was alleged to have falsely arrested and imprisoned the former. A jury returned a verdict for appellee.

Appellant operated a tavern in which he sold whiskey and beer under proper licenses. Some time during the afternoon of August 5, 1944, appellee arrested appellant without a warrant for selling intoxicating liquors on primary election day. During the afternoon two city policemen had gone into appellant's place of business and found he was selling intoxicating liquors. Upon being asked to close, appellant refused to do so, saying he had a right to be open. The testimony of the policemen places the time of this visit at some time between 2:30 and 3:00 o'clock in the afternoon. Appellant's testimony fixes the time as after 4:00 o'clock, when the polls closed.

The two policemen then went to the sheriff, appellee here, and complained to him. The three officers returned to appellant's place of business. Upon request he again refused to close, insisting on his right to be open after the polls closed according to regulations issued by the Alcoholic Beverage Control Board. Appellee then consulted the county attorney regarding the right of appellant to sell intoxicating liquor on an election day. He testified the county attorney advised him this was not legal, and he should close any place violating the law.

Appellee returned to appellant's place of business, and after bitter protest by the latter, the arrest took place. It is not denied that appellant was at the time selling intoxicating liquor. The great preponderance of the evidence establishes the arrest took place after the closing of the polls.

Immediately after the arrest, appellant was taken to jail. Appellee then procured two warrants signed

by the county judge. One warrant charged unlawful selling of intoxicating liquor on election day, and the other resisting arrest. The offenses charged are misdemeanors. Appellant was never prosecuted on either charge.

On this appeal appellant contends the judgment should be reversed because: (1) the Court erred in overruling appellant's motion for a directed verdict; (2) the Court admitted incompetent evidence; and (3) the instructions given by the Court were erroneous.

Appellee's position is that under KRS 124.200 there is a violation of law if intoxicating liquor is sold *at any* time on an election day, and since the offense was being committed in his presence, he could make the arrest without a warrant under Section 36 of the Criminal Code of Practice.

KRS 124.200, which forbids the sale of intoxicating liquor on an election day, has been in effect for many years. KRS 244.290, at least since its amendment in 1944, is inconsistent with the former statute in allowing sales by licensed retail dealers after the closing of the polls. It is an elementary rule of statutory interpretation that whenever in the statutes on any particular subject there are apparent conflicts which cannot be reconciled, the later statute controls. Sumpter v. Burchett et al., 304 Ky. 858, 202 S. W. 2d 735. It appears KRS 124.200 was impliedly repealed by the 1944 amendment to KRS 244.290, to the extent of any conflict, and the prohibition respecting the sale of intoxicating liquor on election day by a licensed retail dealer is effective only luring the time the polls are actually open.

In this case, while there is some proof appellant sold liquor prior to the closing of the polls, the evidence is conclusive the arrest without warrant was not made until after that time. Under Section 36 of the Criminal Code of Practice, to arrest for a misdemeanor without a warrant, it must be for an offense committed in the presence of the officer, and he cannot arrest for a past offense. See Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172; 4 Am. Jur., Arrest, Section 26.

Even if the appellee's initial act did not constitute false arrest, appellant was unlawfully imprisoned when

appellee failed to take him forthwith before a magistrate as required by Section 46 of the Criminal Code of Practice. In spite of appellee's entire good faith and his reasonable reliance on the legal opinion of the county attorney, he technically committed a false arrest and imprisonment of appellant, and the latter should have had a directed verdict.

Appellant, however, failed to prove any substantial damages. At most he was held under restraint for two hours. He claims that he was humiliated and upset. By his own admissions, however, he had been arrested more than once within a year prior to the occasion involved, apparently on charges related to the conduct of his liquor business, and he had spent ninety days in jail within the preceding year. He objected to this evidence, and on this appeal insists it was incompetent. The Court admonished the jury, however, that it was only admissible "for the purpose of affecting the measure of damages," and for such purpose it was proper. See Texas Midland R. Co. v. Dean, 98 Tex. 517, 85 S. W. 1135, 70 L. R. A. 943. In view of all the competent evidence, we are of the opinion that under the state of facts here shown, appellant was entitled to no more than nominal damages. It is thus unnecessary to consider the instructions given.

It is a settled rule in this Court that a judgment will not be reversed where only nominal damages are authorized. Elder v. Florsheim Shoe Co., 209 Ky. 509, 273 S. W. 60; Linville v. Louisville & Nashville Railroad Company, 239 Ky. 143, 38 S. W. 2d 926.

For the reasons stated, the judgment is affirmed. Appellant shall be allowed his costs in the trial court.