**COMMONWEALTH of Kentucky, Movant,**

v.

**Robert SCHINDLER, Respondent.**

Supreme Court of Kentucky.

Oct. 4, 1984.

Rehearing Denied March 21, 1985.

Michael L. Williams, Sp. Asst. Atty. Gen., Newport, for movant.

Mott V. Plummer, Newport, for respondent.

J. Vincent Aprile II, Frankfort, for Dept. of Public Advocacy, amicus curiae.

## CERTIFICATION OF LAW

LEIBSON, Justice.

Robert Schindler was convicted in Campbell District Court for "failing to render aid and assistance after an accident" in violation of KRS 189.580(1). The jury recommended and the judge imposed the maximum penalty provided for this offense, imprisonment for 365 days and a fine of $2,000. KRS 189.990(1).

Thereafter the trial judge set aside the fine on grounds that, regardless of the penalty expressly provided by KRS 189.990(1) for this offense, the maximum fine for *any* misdemeanor is limited to $500 by the Kentucky Penal Code. The judge arrived at this result by application of KRS 532.005 superimposed KRS 534.040.

KRS 532.005 provides:

"KRS Chapters 532, 533 and 534 (classification and dispositions) apply to all classes of crimes committed outside the provisions of the penal code."

KRS 534.040(2) provides that the maximum fine "for a Class A misdemeanor (is) $500." The 365 days maximum penalty provided for a violation of KRS 189.580(1) classifies it as a Class A misdemeanor. However KRS 534.040(1) *also* provides that this maximum fine does *not* apply where a different fine is "otherwise provided for an offense defined outside this code." "Code" means the Kentucky Penal Code, KRS Chapters 500–534, and a violation of KRS

189.580(1) is "outside this code (KRS 534.-040(2))."

Because KRS 534.040(2) was first enacted in 1974 and KRS 532.005 in 1976, Campbell District Court held that KRS 532.005 effective June 19, 1976 eliminated the exception set out in KRS 534.040(2) for offenses outside the code, thereby limiting the fine for violation of KRS 189.580(1) to a maximum of $500. The district court followed an Opinion of the Attorney General, OAG 78–457, to the same effect.

The Commonwealth certified to this Court the question whether the language of KRS 532.005 supplants the exception for offenses defined outside of the code provided in KRS 534.040(2). The question presented impacts other offenses outside the code in addition to traffic offenses.

The respondent, Schindler, who no longer has a financial stake in the matter, elected not to oppose the Commonwealth in this matter. The Department of Public Advocacy has briefed the case on his behalf. Thus both points of view are represented.

We disagree with the interpretation of KRS 532.005 which has been superimposed upon KRS 534.040(2) by the Campbell District Court and the Attorney General's Opinion. This view of the two statutes presupposes that because KRS 532.005 was enacted in 1976, two years later than KRS 534.040(2) and seemingly conflicts with the earlier statute, the General Assembly by implication eliminated the exception proviso in the earlier statute.

Respondent's position is that the legislature is presumed to have been aware of the earlier statute and meant to override it. *Schooler v. Commonwealth*, Ky.App., 628 S.W.2d 885 (1982). Further, if the statutes "cannot be reconciled, the later statute controls." *Butcher v. Adams*, 310 Ky. 205, 220 S.W.2d 398, 400 (1949). It is a fundamental rule of statutory construction that where statutes are "inconsistent" the "last expression of legislative will prevails." *Askew v. Schuster*, Fl., 331 So.2d 297, 300 (1976).

However, the fundamental error in the respondent's position is that it overlooks the reenactment of KRS 534.040 in 1978. 1978 H.B. 234, § 8, Eff. 6–17–78, sets out in full the previous language including the critical phrase: "Except as otherwise provided for an offense defined outside this code, ..." Thus the 1978 edition of KRS 534.040 also includes the exception applicable to the fine provided for violation of KRS 189.580(1), and is the later (and controlling) statute. The 1978 Act describes the reenactment as an amendment rather than a reenactment, but this has no effect on its validity. The Opinion of the Attorney General, for whatever reason, does not discuss the 1978 reenactment of KRS 534.040(2). If we assume that the language of KRS 532.005 enacted in 1976 superseded the language of KRS 534.040(2) enacted in 1974, it follows that the 1978 reenactment of KRS 534.040(2) in turn supplants the 1976 statute.

In short, the status of fines for offenses defined outside the Kentucky Penal Code as fines "otherwise provided" has been returned to its former status, assuming it was ever changed.

It is extremely unlikely that the legislature meant to change the status of such fines by the language of KRS 532.005 in 1976. More than likely, had it so intended, the statutory language would have been supplemented by specific language so stating. The applicable maxim of statutory construction is *generalia specialibus non derogant,* general words do not derogate from special. But we need not look to the application of this maxim in present circumstances where a 1978 reenactment of KRS 534.040(2) is controlling in any event.

All concur.