CASE 44—WRIT OF PROHIBITION—MAY 8. .

# Elliott v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT.   COMMON PLEAS DIVISION.

1. LICENSE TAXES ON PROFESSIONS.—A license tax imposed upon attorneys at law by an ordinance of the general council of a city of the first class pursuant to the provisions of section 3011, of the Kentucky Statutes (being a part of charter for cities of the first class), is a proper exercise of the taxing power; and it must be regarded as merely the imposition of a tax upon the vocation or business of an attorney at law. ·

2. ORDINANCES—SUFFICIENCY OF TITLE.—The title to an ordinance being "an ordinance concerning certain licenses in the city of Louisville" expresses with sufficient clearness the subject embraced in the ordinance, and therein legislated upon. It is sufficient if it calls attention to the subject concerning which the legislation was adopted.

3. PASSAGE OF ORDINANCES—PRESUMPTION.—The fact that the journals of the two boards composing the general council do not expressly state that the ordinance was read in full in compliance with the provision of the charter that "no ordinance shall be passed until it shall be read in full in each board" does not render the ordinance illegal or void. Where the journals show that the ordinance was separately read and passed, and show the names of the alderman and councilmen voting for and against its passage the presumption arises that it was read in full as required by the charter.

R. J. ELLIOTT FOR APPELLANT.

1. The ordinance in question is retrospective as to the appellant, and if enforced against him, would unlawfully deprive and di-

Elliott v. City of Louisville.

vest him of a franchise and right vested in him by the laws of Kentucky, and possessed and enjoyed by him before, up to, and at the time the ordinance was attempted to be passed, and is, therefore, as to him, unconstitutional, inoperative, and void. 2 Sharwood's Blackstone's Com., 37; 3 Kent's Com., 458; Commonwealth v. Frankfort, 13 Bush, 189; Ky. Constitution of 1799, Art. 3, sec. 26; Commonwealth v. Rice, 18 B. M., 485; Morehead & Brown's Statutes, 172; Revised Statutes, chap. 4, art. 1, secs. 2 and 3; Kentucky Constitution of 1850, Schedule; Present Constitution of Kentucky, Schedule; 3 A. & E. Enc. of Law, 748, and authorities cited; Head, &c. v. Ward, &c., 1 J. J. M., 284; 3 A. & E. Enc. of Law, 680, and authorities cited in note; Slack v. Railroad Co., 13 B. M., 19; Lawyer's Case, 8 Heiskel (Tenn.), 565; 6 Cranch, Fletcher v. Peck; City of New Jersey v. Wilson; 7 Cranch, 164; Cummings v. State of Missouri, 4 Wallace, 329; Ex Parte Garland, 4 Wallace; Yard v. New Jersey, 95 U. S. Rept., 104-113; New Orleans Gas Co. v. Louisiana Light Co., 115 U. S., 650; 12 Amer. Law Reg., City of Louisville v. Brown; 15 Amer. Law Reg. (New Series), 292, Ex Parte Magruder.

2. The ordinance was never passed by both or either board of the general council, as required by law, and is therefore illegal, invalid, and void. 3 A. & E. Enc. of Law, 673-4-5, and 8; Hedger v. Hennaker, 3 Met., 258; Ryan v. The State, 5 Neb., 276; Towle v. Railroad, 18 New Hampshire, 548; Watts v. The Commonwealth, 78 Ky., 329; Collins v. Henderson, 11 Bush, 74; Lexington v. McQuillan, 9 Dana, 517; Judge v. Taylor, 8 Bush, 208; Railroad Co. v. Warren County Court, 7 Bush, 724; Covington v. Ludlow, 1 Met., 298; Louisville v. McKagney, 7 Bush, 651.

3. The sinking fund commission of the city of Louisville, being a corporation, is not entitled to the benefits accruing to it under the ordinance in question, because it has not complied with the requirements of section 190, of the present Constitution of Kentucky, in reference to filing in the office of the Secretary of State an acceptance of the provisions of that Constitution.

O. H. STRATTON on same side.

1. License fees are not permitted to be levied against the learned professions, under section 181, of the Kentucky Statutes, unless all are included.

2. In making such a levy against counselors and attorney at law, who were licensed under the Constitutions of 1799 and 1850, the

State can not disregard the prohibitions of the Federal Constitution against *ex post facto* legislation. Fletcher v. Peck, 6 Cranch, 137; Cummings v. Missouri, 4 Wall, 329; Ex parte Garland, 4 Wall., 378; 115 U. S., 650; 16 Wall., 232; 116 U. S., 132; 89 N. Y., 36; Cooley on Constitutional Limitations, sec. 275.

3. No power has been granted by the Constitution of 1891 to collect taxes by the exercise of the police power, nor to make the non-payment of license fees by the learned professions a criminal offense punishable by imprisonment, or hard labor and involuntary servitude.

4. A grant of a valuable right, such as a right to practice law is irrevocable, except by rules existing at the time of the grant. Ould v. City of Richmond, 23 Grattan, 469; Lawyers' Tax Cases, 8 Heiskell, 641; State v. Railroad Co., 13 B. M., 25; Hunt v. Rousmanier's Adm'r., 2 Mason, 244; 3 Mason, 294; 8 Wheaton, 174; Calder v. Bull, 3 Dallas, 394.

5. Attorneys have been declared officers of the court, and have the right to enjoy the honors and emoluments as such. 4 J. J. M., 191-2; Bank of Commonwealth v. Patton; 11 Bush, 96-102; In re R. W. Woolley; Kentucky Constitution of 1891, sec. 228; Lapsley v. Brashear, 4 Litt., 60; 50 Ga., 393; 62 Ga. 646; 11 Bush, 74-81.

D. M. RODMAN OF COUNSEL ON SAME SIDE.

H. S. BARKER FOR APPELLEES.

(No brief in the record.)

JUDGE Du RELLE DELIVERED THE OPINION OF THE COURT.

The appellant, who for some fifty years has been a practicing attorney in the courts of this Commonwealth, was summoned before the Police Court of the city of Louisville to show cause why he should not be fined for unlawfully engaging in the practice of his profession as a business for fee and reward in said city without having a license so to do. The proceeding was instituted under an ordinance concerning certain licenses in the city of Louisville, approved April 11, 1894, by which a license of $10 was requir-

Elliott v. City of Louisville.

ed to be paid into the Sinking Fund of the city of Louisville for sinking fund purposes by each practicing physician, surgeon, dentist, and attorney at law in Louisville, Kentucky, with a provision that for any violation of the ordinance the party on conviction shall be fined not less than $5 nor more than $30 for each offense. Appellant, by a judgment of the Police Court, was fined $10 and costs, and thereupon, under authority of section 2922 Kentucky Statutes (section 163 of the charter of cities of the first class, approved July 1, 1893,) instituted in the Common Pleas Division of the Jefferson Circuit Court a proceeding for a writ of prohibition. A temporary writ was granted upon the statements of the petition and amended petition, but upon final hearing the writ of prohibition was denied; and an appeal was taken to this court.

The ordinance under which appellant was fined was adopted pursuant to section 3011 of the Kentucky Statutes (in the charter of cities of the first class), which provides: "The general council, may by ordinance, provide for the following licenses, to be paid into the sinking fund, with adequate penalties, for doing business for following the calling, occupation, profession, or using or holding or exhibiting the articles herein named without the required license    *    *    *    For each attorney and counsellor at law, physician, surgeon, dentist or architect not less than $10 nor more than $100 per annum. Should any of the foregoing be associated in a firm, each member of the firm shall pay a separate license tax."

Appellant urges the following objections to the validity of the proceeding against him: First, that the ordinance

is retrospective, and if enforced against him would unlaw-fully deprive him of a franchise and right vested in him by the laws of Kentucky. This we regard as no longer an open question. "The usual provisions of the constitutions of the different States do not prohibit the Legislatures from im-posing or authorizing municipal authorities to impose taxes upon trades, special professions and occupations. Authori-ty to tax all persons exercising any profession may be exe-cuted by taxing each member of a firm separately." (Dillon on Municipal Corporations, section 793.)

In Woodruff v. The City of Louisville, ms. opinion, April 19, 1872, this court held: "The exaction of the license fee complained of in this case must, in our opinion, be regarded as merely the imposition of a tax upon the particular voca-tion or business of an attorney at law, as like taxes are im-posed on other lucrative pursuits for revenue purposes; and as the burden thus imposed on the appellant is not shown to have been disproportionate or unequal to those borne by tradesmen and professional men generally for the same purpose, we can not regard it as an unauthorized taking of private property for public use; but we concur with the court below that it was a legal and proper exercise of the taxing power. Wherefore the judgment is affirmed." And in 8 R., 870, in the case of Bullitt v. the city of Paducah, Chief Justice Pryor delivering the opinion, this court held that "A tax in the form of a license fee may be imposed un-der a legislative authority upon any trade, profession or call-ing; and while such a tax must be levied on all alike in the same profession, it is not essential to its validity that every calling within the particular locality shall be required to

pay the tax." In that case the city had obtained an amend-
ment to its charter empowering it to impose a license upon
certain occupations and business pursuits, including attor-
neys, to aid in discharging the city's indebtedness. The
city council proceeded by ordinance to impose a license
upon nearly every business pursuit, including lawyers, mer-
chants, physicians, etc., and appellant refusing to pay, the
ordinance was enforced against him and was held to be
valid. (See A. & E. Enc., 13, page 538, note 1.) And in
Levi v. City of Louisville, 97 Ky., 394, it was held that a
license tax within the meaning of the constitution is not a
burden on property, but on that which results from its en-
joyment, or the conduct of the business or calling. It is
unnecessary, therefore, to consider in detail the numerous
authorities cited upon this question for appellant.

The second objection is that the ordinance has not been
passed by both or either board of the general council as re-
quired by law, and is, therefore, illegal and void. This is
based upon the fact that the journals of the two boards fail
to expressly state that the ordinance was read in full, sec-
tion 15 of the act for the government of cities of the first
class providing that "No ordinance shall be passed until it
shall be read in full in each board." The journals show
that the ordinance was separately read and passed, and fur-
ther show the names of the aldermen and councilmen voting
for and against its passage. From this we think the pre-
sumption arises that the ordinance was read in full as re-
quired by the charter. In this connection may be consid-
ered the objection urged to the title of the ordinance. We
think the title expresses with sufficient clearness the sub-

ject embraced in the ordinance and therein legislated upon. If it were required that the title should enumerate every variety of trade or occupation embraced in the ordinance, the title would be almost as long as the ordinance. It is sufficient if it call attention to the subject concerning which the legislation was adopted.

Another objection is that the Board of Sinking Fund Commissioners of the city of Louisville is a corporation; that section 190 of the present constitution provides that "No corporation in existence at the time of the adoption of this constitution shall have the benefit of future legislation without first filing in the office of the Secretary of State an acceptance of the provisions of this constitution," and that the Board of Sinking Fund Commissioners was in existence prior to the adoption of the constitution and by the act for the government of cities of the first class was "continued as now established by law." It is therefore urged that the failure of the board to accept the provisions of the constitution renders the ordinance for its benefit unenforceable and void. Without stopping to consider whether this section of the constitution was intended at all to apply to municipal corporations, to which class the Board of Sinking Fund Commissioners of the city of Louisville may, with some reason, be assumed to belong, or whether the act for the government of cities of the first class did not re-enact the statute creating the Board of Sinking Fund Commissioners and thereby constitute it a new corporation created since the adoption of the present constitution,—it is sufficient to say that there is no evidence in the record to show that the board has not adopted the provisions of the new constitu-

tion. The brief of counsel furnishes the only information
upon this subject.

For the reasons indicated the judgment is affirmed.