## Newlin v. Stuart et al.
(Decided May 20, 1938.)

E. C. NEWLIN for appellant.

P. J CLARKE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The city of Danville, Ky., is one of the fourth class. Under designated authority—conceded to exist—its board of councilmen passed an ordinance levying an annual occupation tax on various occupations, including attorneys located within the city engaged in the practice of law. The tax fee for prosecuting that profession was at first $25 per annum, but the ordinance was later amended so as to reduce the amount of the fee to $20 per annum, and it was fixed at that amount at the time of the filing of this action in the Boyle circuit court by appellant and plaintiff below, E. C. Newlin, against the city's chief of police, its police judge, and its tax collector; it being one under our Declaratory Judgment Statute, Civil Code of Practice, section 639a-1 to and including section 639a-11, seeking annulment of the tax because invalid with incidental injunctive relief pending the action.

The petition alleged that plaintiff was a duly licensed and practicing attorney, resident within the city of Danville—obtaining his license to so engage in January, 1925—and that by doing so he thereby became an officer of the court and an agency in the judicial machinery for the administration and enforcement of justice, which is made so, as he insists, by our various statutes concerning attorneys at law as contained in chapter 8, article 1, of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, section 97 et seq. He, therefore, contends that his profession has thus been rendered immune from the tax sought to be imposed by the city of Danville—as much so as if it had attempted to levy a tax on the judge of the circuit court, police judge, or any other public officer exercising his official duties within the city. He further argues that he paid the statutory fees for the obtention of his license to practice his profession and that the commonwealth in consideration therefor—having so equipped him—may not tax his right to engage in the profession, nor may it lawfully delegate the right to one of its municipalities to do so. He, therefore, prayed for a declaration of rights in conformity with such contentions and that the city officers whose duties it was to enforce the collection of the occupational tax be enjoined from doing so. The demurrer of the defendants filed to plaintiff's petition was sustained by the court and upon his declining to plead further it was dismissed and this appeal by him is prosecuted from that judgment.

The petition manifests courage and bravery on the part of plaintiff, since he seriously argues the grounds of his attack of the involved ordinance as set out in his petition, in the face of the fact that we commenced determining those grounds against him at least as early as 1872 in the case of Woodruff v. City of Louisville, 6 Ky. Opin. 230, and have continued to do so each time they were brought before us up to May 18, 1937, when the case of Dreidel et al. v. City of Louisville et al., 268 Ky. 659, 105 S. W. (2d) 807, was rendered. Intervening cases between those two are, Bullitt v. City of Paducah, 3 S. W. 802, 8 Ky. Law Rep. 870; Baker v. City of Lexington, 53 S. W. 16, 21 Ky. Law Rep. 809; Evers v. City of Mayfield, 85 S. W. 697, 120 Ky. 73, 27 Ky. Law Rep. 481; Yantis v. City of Lexington, 94 S. W. 653, 29 Ky. Law Rep. 689, and Elliott v. City of Louisville, 101 Ky. 262, 40 S. W. 690, 19 Ky. Law Rep. 414. In some of them the authority of the particular municipality to pass the ordinance, and whether or not that authority, if possessed, had been validly exercised, were questions also involved; but having determined them in the affirmative the opinions followed all of the other cases in upholding the right to tax the particular profession by the levy of an occupational tax. In doing so the court necessarily determined that the practice of law was an "occupation" within the provisions of sections 181 and 181a of our Constitution in the prosecution of which the state—or any of its municipalities to which such authority was delegated—might demand a tax from the one engaged in it, although such one might, in a sense, be a part of the judicial machinery of the state and, in a sense, an officer of the court.

The latter questions were thoroughly discussed in the Dreidel Case and determined adversely to plaintiff's contention in this case. An applicable portion of that opinion says (page 810): "Members of the Bar are not members of the State Judicial Department, in the full sense of that expression. That contention is made by counsel on account of a part of section 101-1, which provides for the government of the State Bar, as a part of the Judicial Department of the State Government. This language has been misconstrued. It is true the word 'judicial' is used in referring to the Department of the state, but for the purpose only of governing the Bar Association. There is no attempt on the part of the act to make lawyers and attorneys a part of

the Judicial Department or to give them judicial authority except as was necessary for them as members of that Department for the purpose of administering the rules of government promulgated by the Court of Appeals. In that respect the Bar Act has been construed by this court in the case of Talbott, Auditor v. Park, 256 Ky. 534, 76 S. W. (2d) 600.'' The same questions were so adversely determined in the Talbott Case, referred to and cited by us in the inserted excerpt from the Dreidel opinion.

Plaintiff in his brief filed in this court practically admits that all courts and text writers are opposed to his argument, except a case reported in 8 Heisk., Tenn., 565, styled In re Lawyers' Tax Cases. That case involved questions arising upon a local constitution and local statutes, and which we deem it unnecessary to take time or space to explain. But if it may be construed as sustaining plaintiff's present position it is overwhelmingly swamped by contrary opinions throughout the country, including, of course, those supra from this court. Not only so—but to sustain plaintiff's grounds of attack would require a departure from logic, reason, common sense, and justice. If an attorney could escape payment of a reasonable occupational tax—properly levied so far as procedure is concerned—then every person engaged in any profession governed by a regulatory statute requiring a license for its prosecution, and the payment of fees and charges to obtain it, could likewise escape the payment of such an occupational tax, which would have the effect to exempt therefrom physicians, dentists, pharmacists, plumbers, barbers, and many other professions and callings that the Legislature under its police power have seen proper to license and regulate; but which exemptions, as based upon such grounds, have never to our knowledge been upheld. On the contrary, they are always enforced—provided, of course, the occupational fees are not so exorbitant as to be unreasonable and prohibitory—which question (exorbitancy) is also relied on by appellant, but it is so manifestly unfounded that it will be disallowed without discussion. The discussion in the cases supra of the questions relied on relieves us of the necessity of repeating it here, and the reader is referred to those opinions for that information.

Wherefore, the judgment is affirmed.