C. N. Smith, *et al.*, v. City of Tampa, Florida.

186 So. 674.
Division A.
Opinion Filed October 31, 1938.
On Application to Clarify Opinion January 4, 1939.

*L. E. Womack, Burton G. Henson* and *Raymond Sheldon,* for Appellants;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Appellee.

Per Curiam.—This is here on appeal from an order granting defendant's motion to dismiss bill of complaint in a suit instituted to enjoin the City of Tampa from enforcing the provisions of that part of Ordinance No. 651-A, entitled:

"An Ordinance to Provide for the Licensing of Certain Privileges, Businesses, Occupations or Professions, Carried on and Engaged in Within the City Limits of the City of Tampa, and to Fix the Amount of Such License Taxes, to Provide for the Proper Determination of the Amount Thereof, to Provide for the Collection Thereof, and Prescribing Penalty for Violation of the Terms Hereof, and to Repeal Any Existing Ordinances of Parts of Existing Ordinances in Conflict Herewith."

Which fixed the license tax on professions as follows:

"Professions. Auditors, public accountants, auditing companies, attorneys, physicians, surgeons, chiropractors,

osteopaths, naturopaths, electro-therapists, veterinarians, architects, dentists, civil engineers, surveyors, optometrists and chiropodists, each $60.00."

The cause might be disposed of on other grounds but the question of most importance to all parties concerned is whether or not the amount of the license tax provided in this section is so arbitrary and unreasonable as to be beyond the power of the municipality to enforce. In Roach v. Ephren, 82 Fla. 523, 90 Sou. 609, we held:

"The organic provision that 'The Legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time,' does not authorize the Legislature to confer upon municipalities 'the legislative authority of the State,' which is 'vested in a Senate and House of Representatives,' which shall be designated 'The Legislature of the State of Florida.' In exercising the express authority 'to prescribe the jurisdiction and powers' of municipalities, the Legislature is not empowered to confer upon municipalities authority to impose any and all license taxes within the municipality that the Legislature could enact for State purposes.

"The reasonableness of a statute is not open to judicial review unless organic law is thereby violated; but the reasonableness of a municipal ordinance is subject to judicial determination."

We hold that the allegations of the bill of complaint are sufficient to show that the licenses prescribed under the above quoted section of the ordinance are arbitrary and unreasonable in amount and that, therefore, the ordinance insofar as it fixes such amounts as the tax on such licenses is invalid.

The order appealed from is reversed and the cause remanded for further proceedings.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

PER CURIAM.—This case is before us on application to clarify our opinion filed herein on October 31st, 1938.

The effect of that opinion was to hold that the ordinance involved on its face is, as a matter of law, arbitrary and unreasonable and, therefore, invalid because of the excessive amount of the license tax prescribed by the ordinance.

So we can see no useful purpose which may be served by further pleadings in the court below.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.