## Beck et al. v. Commonwealth.

(Decided April 27, 1934.)

HUBERT MEREDITH for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Albert Beck was under indictment in the Muhlenberg circuit court, charged with the crime of robbery. His bail was fixed at $750. On September 23, 1933, he executed a bail bond with appellants as sureties. When his case was called for trial, he failed to appear and an order was entered forfeiting his bond and directing that his sureties be summoned on the forfeiture. Summons having been duly served, the sureties appeared and filed their response. The commonwealth demurred to the response. The court sustained that demurrer and entered judgment against the appellants for $750. From the judgment so entered, this appeal is prosecuted.

The sole question presented on this appeal is as to the sufficiency of the response. In substance, it avers that Albert Beck was by officers of the state of Ten-

nessee, aided and abetted by officers of the state of Kentucky, abducted from the state of Kentucky, over Beck's protest and remonstrance and against his will and without the knowledge or consent of the appellants, and carried into the state of Tennessee, where he is held by that state for trial under an indictment there pending against him. The response does not state who the officers of Tennessee or Kentucky who participated in this abduction were, or what public office they held in either state. This summary of the response discloses that the reason for Beck's failure to appear when his case was called for trial in the Muhlenberg circuit court was not primarily his abduction from this state, but his detention by the state of Tennessee under an indictment there pending against him. The abduction from the state only brought Beck into the toils of the Tennessee authorities, but it was his detention by those authorities at the time his case was called for trial in the Muhlenberg circuit court which prevented his appearance in that court at that time. A full collection of the authorities bearing on this question of when a bail is excused for the nonappearance of his principal may be found in the case of Briggs v. Commonwealth, 185 Ky. 340, 214 S. W. 975, 8 A. L. R. 363. As pointed out in that opinion, the arrest and confinement of a principal in another state does not relieve the bail. True it is that when the state itself takes the principal into its custody and so out of the constructive custody of the bail, and thus prevents the principal from appearing in court in accordance with the terms of his bail bond, the bail is excused. But no such state of case is here presented. The response is entirely silent as to who the officers of Kentucky were that aided the Tennessee officers in the abduction of Beck. They may have been such officers as had no right to represent the state in so far as taking Beck out of the constructive custody of his bail is concerned and for whose acts the state is not responsible. Had not Beck been lawfully confined in the state of Tennessee, he could have secured his release by the writ of habeas corpus and it was his duty so to do. In the Briggs Case, we pointed out that if a soldier in the Army can get a furlough in order to attend his trial in a state court, it is his duty to do so, and where he has not attended such trial, he must in order to relieve his bail establish the fact that he could not obtain such a furlough. The failure to allege that Beck could not secure his freedom in Tennessee through the writ of

habeas corpus is a confession of the legality of his detention there. His own conduct, though it may ultimately be determined by the Tennessee courts to have been innocent, has brought about the condition under which he finds himself indicted by the courts of that state. And it is the detention under that indictment which kept him from appearing in the Muhlenberg circuit court. So this case clearly falls within the cases cited in the Briggs opinion sustaining the proposition that the arrest and confinement of a principal in another state does not release the bail. The trial court did not err in sustaining the demurrer to the response and entering judgment as he did.

The judgment is affirmed.

Whole court sitting, except Justice Thomas, who was absent.