# Meeks Motor Freight, Inc., v. Ballard, Police Judge of Mt. Vernon.

June 7, 1940.

Fritz Krueger for petitioner.
No counsel for respondent.

OPINION BY JUDGE FULTON—Granting writ of prohibition.

The petitioner, Meeks Motor Freight, Incorporated, operates a truck line through the city of Mt. Vernon, a city of the sixth class, and is the holder of a permit from the State Tax Commission under the provisions of chapter 104, Acts of the General Assembly of 1932, Kentucky Statutes, Sections 2739j-42 et seq. One of its truck drivers was fined $5 by the respondent in the police court of Mt. Vernon for violation of an ordinance of that city requiring any person receiving or discharging freight into or from any mechanically-driven vehicle operated within the corporate limits of the city to pay certain designated license fees and providing a fine of not less than $1 nor more than $5 for each violation.

In this original proceeding filed in this court it is claimed by appellant that the ordinance in question is invalid as to it, the holder of the permit above mentioned; that the respondent is threatening to and will continue to prosecute and fine its drivers under the ordinance and that it has no adequate remedy by appeal or otherwise and will thereby suffer great and irreparable injury.

If the ordinance is invalid as to holders of permits under chapter 104 of the Acts of 1932, this is a typical case in which a writ of prohibition will issue from this court, since the respondent is proceeding erroneously within her jurisdiction and the petitioner, by reason of the fact that the maximum punishment for violation of the ordinance is a $5 fine, has no appeal and will undoubtedly suffer great and irreparable injury if its drivers are regularly arrested and fined under this ordinance. Goodenough, Judge of Police Court v. Kentucky Purchasing Company, at al., 241 Ky. 744, 45 S. W. (2d) 451. The only question confronting us, therefore, is whether or not the ordinance is invalid in so far as it attempts to impose a license tax on the petitioner.

Chapter 104 of the Acts of 1932, after providing the terms and conditions on which permits may be issued for the operation of motor vehicles for hire and providing certain taxes and fees therefor, provides (Kentucky Statutes, Section 2739j-79) that:

"The fees and taxes prescribed by this Act shall be in addition to the fees and taxes prescribed by any other law of this State; provided, however, no municipality shall be authorized to impose a license fee or tax upon any motor vehicle operated under a certificate or permit granted pursuant to the provisions of this Act."

Construing this section, it was held in City of Pineville v. Meeks, 254 Ky. 167, 71 S. W. (2d) 33, that the Legislature did not intend by chapter 106 of the Acts of 1932 to confer upon cities and towns the power to impose license taxes or fees upon vehicles subject to the provisions of chapter 104 of the Acts of 1932, but intended to limit the power of municipalities with respect to the imposition of license taxes or fees to such vehicles as are exempted from the provisions of chapter 104. That case is controlling here. The city of Mt. Vernon had no right to impose the license tax in controversy on the petitioner who is the holder of a permit granted it pursuant to chapter 104 of the Acts of 1932.

The petition for a writ of prohibition is sustained and a writ will issue prohibiting the respondent from trying or punishing the petitioner or its employees for a violation of the ordinance in question.

Whole court sitting, except Judge Rees.