## City of Russell v. Fannin.

Dec. 17, 1943.

R. H. Riggs for appellant.

John W. McKenzie for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellee operates a passenger bus line from Ashland, Kentucky, to Portsmouth, Ohio, under permits both from state and national authorities. In making its daily trips it passes through Russell, Kentucky (4th class city), over Highway 23. The city recently by ordinance assessed and levied against each person, firm or corporation "owning or operating motor vehicles or

busses carrying passengers for hire upon or over the public streets or ways within the City of Russell, an annual license of $200,'' fixing a fine of not less than five nor more than twenty-five dollars for operating without payment of fee, each day's violation constituting a separate offense.

Conceiving the ordinance to be invalid as to it and its operation, the concern filed a petition drawn in the form of a declaratory judgment suit setting up the facts as stated, and asking the court to declare its rights in the premises. There is no question as to procedure, which it appears followed that adopted in City of Harrodsburg v. Southern R. Co. in Kentucky, 278 Ky. 10, 128 S. W. (2d) 233. The matter was submitted on demurrer, which the court overruled and the city declined to plead further. The court held that as to the plaintiff the ordinance was void because of the inhibitive provisions of KRS sec. 281.570(2), and granted perpetual injunctive relief. That subsection reads: ''No city may impose a license fee or tax upon any motor vehicle operated under a certificate or permit.''

The question presented was definitely determined by our opinion in City of Pineville v. Meeks, 254 Ky. 167, 71 S. W. (2d) 33; Meeks Motor Freight, Inc., v. Ballard, Police Judge, 283 Ky. 404, 141 S. W. (2d) 569. Counsel for appellant contends that the section applies solely to trucks hauling freight under contract, and does not apply to carriers of passengers holding permits, suggesting a recognized distinction between trucks and passenger carriers under the various sections of the statute. The statute does not make any distinction in the inhibitive clause, and the ''chapter'' which covers the subject relates to carriers such as operated by appellee. Section 281.040 KRS. Counsel places some slight reliance on Furste v. Dixie Traction Co., 286 Ky. 336, 150 S. W. (2d) 913; mere reference shows that there is a total lack of relationship between that and the case presented here.

Judgment affirmed.