**CITY OF PIKEVILLE, Kentucky et al.,**
**Appellants,**

v.

**UNITED PARCEL SERVICE, INC.,**
**Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

O. T. Hinton, Pikeville, for appellants.

George M. Catlett, Frankfort, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee.

PALMORE, Judge.

The City of Pikeville appeals from a judgment enjoining it from attempting to enforce its occupational license tax ordinance against United Parcel Service, Inc., which, according to stipulation, "is an irregular route common carrier by motor vehicle operating in intrastate commerce in Kentucky * * * under the authority of a certificate of public convenience and necessity issued by the Kentucky Department of Motor Transportation" and "is subject to the provisions of Chapter 136 of the Kentucky Revised Statutes in the reporting and payment of franchise and ad valorem taxes through the Kentucky Department of Revenue."

The trial court found the carrier exempt under KRS 281.830 (2), which provides as follows:

"No city may impose a license fee or tax upon any motor vehicle operated under a certificate or permit, except that a city may impose a license fee or tax upon a taxicab as set out in subsection (5) of KRS 281.-815."

KRS 92.281 authorizes cities to levy any and all taxes provided for in § 181 of the Constitution, subject to the following proviso:

"(3) This section shall not in any wise repeal, amend, affect or apply to any existing statute exempting property from local taxation or fixing a special rate on proper classification or imposing a state tax which is declared to be in lieu of all local taxation, *nor shall it be construed to authorize a city to require any company that pays both an ad valorem tax and a franchise tax to pay a license tax.*" (Emphasis ours.)

The ordinance in question imposes a license fee or tax "for the privilege of exercising the right to engage in trade, occupation or profession" in the city, in an amount equal to 1% of salaries, wages, commissions or other compensation earned

or, in the case of business entities, 1% of net profits. Taxpayers doing business both in and out of the city are required to pay on the basis of an allocation formula. Each must pay a minimum. A minimum of $50 is applicable to: "Unloading, or loading, all commercial trucks using the streets of Pikeville for parking while loading or unloading and not operating under another license."

The city contends that KRS 281.830 (2) is inapplicable because the levy is not a tax on a motor vehicle and that KRS 92.281 (3) applies only when the company pays an ad valorem tax or franchise tax directly to the city or to the state for the benefit of the city.

In City of Pineville v. Meeks, 254 Ky. 161, 71 S.W.2d 33 (1934), a regulatory "permit" fee based on the number and size of trucks was held to be in essence a license fee or tax on the vehicles. In Meeks Motor Freight v. Ballard, 283 Ky. 404, 141 S.W.2d 569 (1940), City of Russell v. Fannin, 296 Ky. 236, 176 S.W.2d 384 (1943), and Commissioners of Sinking Fund v. Our Own Deliveries, Ky., 382 S.W.2d 878 (1964), there was no doubt that the ordinances imposed license fees for the use of motor vehicles. These are the four decisions on which the carrier relies in contending it is exempt by virtue of KRS 281.-830 (2). It will be observed, however, that the levy in question has no direct relation to the use of vehicles upon the streets of Pikeville except insofar as the business of loading and unloading commercial trucks is placed in a classification for purposes of minimum fees. The ordinance is directed at the doing of business, not the use of vehicles. It would apply to United Parcel Service if it did business entirely on foot out of a packsack. It is our conclusion that an ordinance imposing an occupational license tax or fee the amount of which is based directly on compensation or profits received from business done in the corporate bounds of the municipality regardless of type of business or occupation does not

become a tax upon motor vehicles merely because a particular business otherwise subject to the fee or tax involves the use of motor vehicles. We are of the opinion also that the identification of commercial trucking as a class of business for purposes of minimum fees does not have the effect of converting the levy to a license fee or tax upon motor vehicles.

■ KRS 281.830 (2) prohibits a city from taxing or requiring the licensing of certain motor vehicles. The ordinance in question does neither. It imposes a license fee on the doing of business. Cf. City of Louisville v. Sebree, 308 Ky. 420, 214 S. W.2d 248 (1948). Hence we are unable to accept the premise on which the judgment is expressly founded.

KRS 92.281 is the statute by which the General Assembly has exercised its authority under Const. § 181 to delegate to cities the power of imposing license fees on "franchises, trades, occupations and professions." Clearly subsection (3) is a reservation, or withholding, of that power with respect to companies that pay both ad valorem and franchise taxes.

We find no authority, and none is cited, for the proposition that KRS 92.281 (3) applies only when the company pays ad valorem and franchise taxes—whether one or the other or both—to the city in question. KRS 136.120, 136.170 and 136.-180 make provision for allocating and apportioning among local taxing units all assessments made by the Department of Revenue upon property (including franchises) subject to taxation by those local units. Presumably, therefore, the value of its franchise and other property is apportioned in accordance with KRS 136.120, 136.170 and 136.180. If the City of Pikeville is entitled to but does not participate in the apportionment, the problem is one of administration and does not affect the applicability of KRS 92.281 (3).

■ It is our opinion that the purpose of KRS 92.281 (3), insofar as it pertains to the type of case now before us, is to prohibit any city from imposing a license tax of any kind upon a company that pays ad valorem taxes on its property at its taxable situs and pays franchise taxes to the various local units to which its franchise assessment is apportioned and certified pursuant to the terms of KRS Chapter 136. On that basis, the judgment entered by the trial court is correct.

The judgment is affirmed.

All concur.