**CITY OF COVINGTON, Appellant,**

v.

**CINCINNATI, NEWPORT AND COVINGTON TRANSPORTATION COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1974.

Donald C. Wintersheimer, Charles P. Wagner, Covington, for appellant.

Robert E. Ruberg, Covington, Earl R. Huffman, Frost & Jacobs, Richard H. Rhein, Peck, Shaffer & Williams, Cincinnati, Ohio, for appellees.

CATINNA, Commissioner.

The City of Covington appeals from a judgment of the Kenton Circuit Court, Fourth Division, upholding the constitutionality of KRS 92.281(3) which prohibits a city from imposing a license tax upon a company that pays ad valorem and franchise taxes.

The city adopted ordinances in 1966, 1967, and 1968, requiring the payment of license fees for the privilege of doing business in the city. An attempt was made to collect these license fees from public utilities doing business in the city, although these companies were paying ad valorem taxes and franchise taxes assessed against them pursuant to KRS Chapter 136. They refused to pay the license tax, claiming that KRS 92.281(3) relieved them of all obligation to pay. The declaratory-judgment action filed by the city attempts to enforce payment of the license tax by having KRS 92.281(3) declared unconstitutional.

In City of Pikeville v. United Parcel Service, Inc., Ky., 417 S.W.2d 140 (1967), we held that KRS 92.281(3) prohibits any city from imposing a license tax of any kind upon a company that pays ad valorem and franchise taxes levied pursuant to the terms of KRS Chapter 136.

We find nothing in the procedures and classifications established by the Kentucky

Statutes in question which in any manner violates either the Constitution of Kentucky or the Constitution of the United States.

The judgment is affirmed.

All concur.