**CENTRAL KENTUCKY CELLULAR TELEPHONE COMPANY; Evansville MSA Limited Partnership; Kentucky RSA No. 1 Partnership; Cumberland Cellular Telephone Company, Inc.; and Contel Cellular of Louisville, Inc., Appellants,**

v.

**COMMONWEALTH OF KENTUCKY, REVENUE CABINET, Appellee.**

No. 93–CA–1372–MR.

Court of Appeals of Kentucky.

March 10, 1995.

Discretionary Review Denied by Supreme Court May 31, 1995.

Bruce F. Clark, Erica L. Horn, Stites and Harbison, Frankfort, for appellants.

Cathy Cravens Snell, Susan F. Stivers, Revenue Cabinet, Frankfort, for appellee.

Before COMBS, EMBERTON, and WILHOIT, JJ.

## OPINION

WILHOIT, Judge.

This is an appeal from an order of the Franklin Circuit Court denying the appellants' motion for summary judgment and permanent injunctive relief and granting summary judgment in favor of the appellee.

The appellants have been providing cellular telephone service throughout the Commonwealth of Kentucky since 1981. Through 1990 the appellants had filed ad valorem property tax returns, in accordance with KRS 132.220, with the local property valuation administrators in those counties in Kentucky where they had tangible personal property. In 1989, the appellee discovered that cellular telephone companies were not being centrally assessed for property tax as the provisions of KRS 136.120 seemed to it to mandate. Thereafter, the appellee took action to bring cellular telephone companies into compliance with its interpretation of the statute.

The initial dispute arose between the parties in 1991 when the appellee attempted to centrally assess the appellants for the first time. The parties, however, were able to reach an agreement with regard to that tax year. On March 2, 1992, the appellee mailed to the appellants Public Service Company Tax Returns for the 1992 tax year. Included in the mailing was a memorandum notifying the appellants that they were subject to central assessment of property taxes under KRS 136.120. The appellants failed to file the tax return within the time prescribed, and instead, filed 1992 personal property tax returns with the local property valuation administrators as they had done in previous years. The appellants paid the tax bills sent to them by the local PVAs.

On May 11, 1992, the appellants filed a complaint for declaration of rights and injunctive relief for two purposes. First, for a declaration of the filing requirements under the property tax statutes, and second, to obtain a determination that the actions of the appellee were unlawful. On January 22, 1993, the appellants moved the trial court to grant summary judgment in their favor based on four separate theories. First, the appellants argued that they did not fall within the definition of "telephone company" as it is applied in KRS 136.120. Next, they maintained that the statute was ambiguous and, therefore, should be construed in favor of the taxpayer. They also argued that the statute was unconstitutionally vague, and its application to them constituted an exercise of legislative discretion by the Executive Branch in violation of the Kentucky Constitution § 27 and § 28. Finally, the appellants maintained that by including them as telephone companies under KRS 136.120, the appellee has violated the requirements of KRS 13A.100 and 13A.130 that such actions be taken by regulation only. The trial court rejected these arguments and on March 23, 1993, denied the appellants' motion for summary judgment and granted summary judgment in favor of the appellee. Subsequently, the appellants moved the trial court to alter, amend, or vacate the order previously entered by the trial court. On May 14, 1993, that motion was denied. This appeal followed.

██ The appellants now put forward the same arguments presented to the trial court in their motion for summary judgment. This court is persuaded by the well-reasoned opinion of the trial court.

In pertinent part, KRS 136.120(1) provides as follows:

Every railway company, sleeping car company, chair car company, dining car company, gas company, water company, ferry company, bridge company, street railway company, interurban electric railroad company, express company, electric light company, electric power company, telephone company, telegraph company, commercial air carrier, air freight carrier, pipeline company, common carrier water transportation company, privately owned regulated

sewer company, cable television company, municipal solid waste disposal facility, as defined by KRS 224.01–010(15), where solid waste is disposed by landfilling, railroad car line company, which means any company, other than a railroad company, which owns, uses, furnishes, leases, rents, or operates to, from, through, in, or across this state or any part thereof, any kind of railroad car including, but not limited to, flat, tank, refrigerator, passenger, or similar type car, and every other like company or business performing any public service, except bus line companies, regular and irregular route common carrier trucking companies, and taxicab companies, shall annually pay a tax on its operating property to the state and to the extent the property is liable to taxation shall pay a local tax thereon to the county, incorporated city, and taxing district in which its operating property is located.

The question raised by the appellants is whether cellular telephone companies are telephone companies for purposes of KRS 136.120. For years the appellants have represented themselves as telephone companies. They list themselves as telephone companies in their advertising, in their annual stock reports, with the Securities and Exchange Commission, and even in the complaint in this action. The only thing that significantly sets cellular telephone companies apart from traditional telephone companies seems to be the technology involved. The means to the end may have changed, but the end remains the same, that is, cellular phone companies are designed and operated to provide telephone service. The trial court correctly concluded that,

> the Plaintiffs are Telephone Companies and come within the definition of KRS 136.120. The fact that the Plaintiffs operate with technology that did not exist when the statute was adopted does not mean that they are not to be included for the purposes of KRS 136.120. It is apparent that many of the communications technologies utilized today by the traditional "landline" telephone companies are not the same technologies that were used at the time of the statute adoption. This fact does not mean that telephone companies become something else simply because

they use improved communication techniques.

■ The failure of the appellee to enforce the statute prior to 1991 does not take the appellants out of the realm of "telephone companies." Where the legislature has adopted a statute, the appellee would not have the authority to exempt a company that clearly fell into the category of telephone company. In fact, it would seem that once the error was discovered, the Revenue Cabinet would have a duty to correctly enforce the statute. Cf. Delta Air Lines, Inc. v. Commonwealth of Kentucky, Revenue Cabinet, Ky., 689 S.W.2d 14 (1985).

■ The statute is neither vague nor does it constitute an unconstitutional delegation of legislative authority to the Executive Branch. The term "telephone company" is commonly understood by everyone. Generally, "when there is no specific statutory definition, words of a statute shall be construed according to their common and approved usage." Kentucky Unemployment Ins. Comm'n v. Jones, Ky.App., 809 S.W.2d 715, 716 (1991), citing Claude N. Fannin Wholesale Co. v. Thacker, Ky.App., 661 S.W.2d 477 (1983). In this case, the appellee merely enforced the statute in accordance with that principle. "According to the common and approved usage," cellular telephone companies are telephone companies. This reasoning also would seem to support the trial court's conclusion that the appellee is not in contravention of KRS 13A.100 and KRS 13A.130(1). As the trial court stated,

> The Revenue Cabinet has not expanded or limited a statute or administrative regulation but has applied the statute in a reasonable manner to a taxpayer as defined by the statute.

■ This court also concludes that the trial court correctly applied the standard for summary judgment as stated in Steelvest, Inc. v. Scansteel Service Center, Inc., Ky., 807 S.W.2d 476 (1991). If the trial court, in ruling on one party's motion for summary judgment, determines that the other party is entitled to the relief they seek, then a motion for summary judgment by that party is not required. Collins v. Duff, Ky., 283 S.W.2d 179 (1955). In determining the issue presented by the appellants' motion, the trial

court correctly determined that the appellee was entitled to the relief for which they asked.

The order of the Franklin Circuit Court is affirmed.

All concur.