**CITY OF LEBANON JUNCTION,**
Appellant,

v.

**CELLCO PARTNERSHIP d/b/a**
**Verizon Wireless, Appellee.**

No. 2000–CA–000819–MR.

Court of Appeals of Kentucky.

April 27, 2001.

Rehearing Denied July 6, 2001.

Discretionary Review Denied
by Supreme Court Aug. 14, 2002.

Mark E. Edison, Shepherdsville, for Appellant.

Jennifer S. Smart, Stites & Harbison, Frankfort, Bruce F. Clark, for Appellee.

Before HUDDLESTON, KNOPF and MILLER, Judges.

*OPINION*

HUDDLESTON, Judge:

The City of Lebanon Junction appeals from a summary judgment declaring unconstitutional an ordinance imposing a license tax upon persons, firms or corporations engaged in commercial transmission of voice, picture or data by non-land line

means within the city limits using structures thirty feet or more in height.

CELLCO Partnership, d/b/a Verizon Wireless, erected a cellular telephone transmission tower, more than thirty feet in height, within the city limits of Lebanon Junction for transmitting voice communications by non-land line means for commercial purposes. On February 2, 1998, Lebanon Junction passed Ordinance No. 97–11 imposing an annual license tax in the amount of $4,000.00 upon persons, firms or corporations engaging in commercial transmission of voice, picture or data by non-land line means within the city limits using structures of thirty feet or more in height. This was not the first ordinance of this type passed in Lebanon Junction.

On December 3, 1990, Lebanon Junction passed Ordinance No. 90–7 imposing an annual license tax upon each person[1] engaged for compensation in any trade, occupation, business or profession within the city. This ordinance specifically identifies thirty-eight business categories and an additional category designated as "all other businesses not herein enumerated." The license taxes range from $25.00 to $400.00 for the specifically identified business categories and the fee for "all other businesses not herein enumerated" is $30.00. Under Ordinance No. 90–7, Verizon Wireless would have fallen into the later category.

On July 9, 1998, Verizon Wireless filed a complaint challenging the constitutionality of Ordinance 97–11.[2] Verizon alleged the ordinance was unconstitutional because it violated Sections 171 and 181 of the Kentucky Constitution, the due process and equal protection provisions of the United States Constitution and Sections 2 and 3 of the Kentucky Constitution, and Sections 59 and 60 of the Kentucky Constitution prohibiting special and local legislation.

The record includes Verizon Wireless's complaint, Lebanon Junction's answer, Verizon Wireless's motion for summary judgment, Lebanon Junction's reply to Verizon Wireless's motion, Verizon Wireless's response to Lebanon Junction's reply, copies of Ordinances 90–7 and 97–11, and the affidavit of the lease administrator responsible for tax administration and compliance for Verizon Wireless. Based upon this record, the circuit court granted Verizon Wireless's motion for summary judgment, declaring unconstitutional Ordinance 97–11 upon all the grounds alleged by Verizon Wireless. Lebanon Junction appeals.

### Standard of Review

Summary judgment is only proper "where the movant shows that the adverse party could not prevail under any circumstances."[3] However, "a party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial."[4] The circuit court must view the record "in a light most favorable to the party opposing the motion for summary judgment and

---

**1.** As defined in the ordinance, "person" included corporations, joint stock companies, partnerships, associations and individuals.

**2.** Although Verizon Wireless also alleged that Ordinance 97–11 violated the 1996 Federal Telecommunications Act, the circuit court determined that it was unnecessary to address this allegation because it had found Ordinance 97–11 unconstitutional.

**3.** *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991), *citing Paintsville Hospital v. Rose*, Ky., 683 S.W.2d 255 (1985).

**4.** *Hubble v. Johnson*, Ky., 841 S.W.2d 169, 171 (1992), *citing Steelvest, supra*, n. 3, at 480.

all doubts are to be resolved in his favor."[5] "The trial judge must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists."[6]

This Court has said that the standard of review on appeal from a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." Further, "[t]here is no requirement that the appellate court defer to the trial court since factual findings are not at issue."[7]

According to Kentucky Rule of Civil Procedure (CR) 56.03, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To prevail on a motion for summary judgment, Verizon Wireless must demonstrate that "it would be impossible for [Lebanon Junction] to produce evidence at the trial warranting a judgment in [its] favor."[8]

### Section 181 of the Kentucky Constitution

■ Verizon Wireless's complaint alleged that the corporation is a regulated public utility subject to state ad valorem taxation under Kentucky Revised Statute (KRS) 136.120. That statute imposes a state tax on all the operating property of Verizon Wireless, including the corporation's operating tangible property plus its franchise. Verizon Wireless also alleged that the annual license fee imposed by Lebanon Junction in Ordinance 97–11 was on the franchise of Verizon Wireless for the privilege of engaging in business within the city limits of Lebanon Junction. Lebanon Junction answered and denied these allegations. In support of its allegations, Verizon Wireless submitted the affidavit of Linda Hamilton, the lease administrator for Verizon Wireless. According to Ms. Hamilton, Verizon Wireless has paid, and continues to pay, the tax imposed on public service companies, including cellular telephone companies, under KRS 136.120.

Section 181 of the Kentucky Constitution provides that:

The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax; and may, by general laws, delegate the power to counties, towns, cities and other municipal corporations, to impose and collect license fees on stock used for breeding purposes, on franchises, trades, occupations and professions. And the General Assembly may, by general laws only, authorize cities or towns of any class to provide for taxation for municipal purposes on personal property, tangible and intangible, based on income, licenses or franchises, in lieu of an ad valorem tax thereon[.]

Pursuant to KRS 92.281, the General Assembly, by general law, has "authorized [cities of all classes] to levy and collect any and all taxes provided for in Section 181 of

---

5. *Steelvest, supra*, n. 3, at 480, *citing Dossett v. New York Mining and Manufacturing Co.*, Ky., 451 S.W.2d 843 (1970).

6. *Id.*

7. *Scifres v. Kraft*, Ky.App., 916 S.W.2d 779, 781 (1996) (citations omitted).

8. *Steelvest, supra*, n. 3, at 480; Ky. R. Civ. Proc. (CR) 56.03.

the Constitution of the Commonwealth of Kentucky, and to use the revenue therefrom for such purposes as may be provided by the legislative body of the city."[9] However, KRS 92.281 also provides that the statute shall not "be construed to authorize a city to require any company that pays both an ad valorem tax and a franchise tax to pay a license tax."[10] "KRS 92.281 is the statute by which the General Assembly has exercised its authority under [Section 181 of the Kentucky Constitution] to delegate to cities the power of imposing license fees on 'franchises, trades, occupations and professions.'"[11] Therefore, KRS 92.281(3) "is a reservation, or withholding, of that power with respect to companies that pay both ad valorem and franchise taxes."[12]

According to KRS 136.120, "[e]very ... telephone company ... shall annually pay a tax on its operating property to the state and to the extent the property is liable to taxation shall pay a local tax thereon to the county, incorporated city, and taxing district in which its operating property is located."[13] Verizon Wireless, as a provider of cellular telephone services, is a "telephone company" for purposes of KRS 136.120(1).[14] The term "operating property" for purposes of KRS 136.120 "means both the operating tangible property and the franchise, and the payment of taxes on the assessment of operating property shall be deemed the payment of taxes on the operating tangible property and the franchise."[15]

While Section 181 of the Kentucky Constitution speaks of license fees, KRS 92.281 and KRS 136.120 speak in terms of taxes. However, "the character of any tax is to be determined by its incidents, and the name by which it is described in the legislation imposing it is without significance."[16] A license fee "may be imposed either under the police power for the purpose of regulation or the taxing power for the purpose of revenue or both."[17] In the case under consideration, Lebanon Junction's ordinance identifies the license fee as a tax to be paid to the city's general fund. Lebanon Junction also admits, in its answer to Verizon Wireless's complaint, that the license fee is a tax. Therefore, any difference in the language used in Section 181 of the Kentucky Constitution and KRS 92.281 or KRS 136.120 is without significance.

Kentucky's highest court analyzed the interplay of Section 181 of the Kentucky Constitution, KRS 92.281 and KRS 136.120 in *City of Pikeville v. United Parcel Service, Inc.*,[18] in which it said that:

> [T]he purpose of KRS 92.281(3) ... is to prohibit any city from imposing a license tax of any kind upon a company that pays ad valorem taxes on its property at its taxable situs and pays franchise taxes

---

9. Ky.Rev.Stat. (KRS) 92.281(1).

10. KRS 92.281(3).

11. *City of Pikeville v. United Parcel Service, Inc.*, Ky., 417 S.W.2d 140, 142 (1967).

12. *Id.*

13. KRS 136.120(1).

14. *See Central Kentucky Cellular Telephone Co. v. Commonwealth of Kentucky, Revenue Cabinet*, Ky.App., 897 S.W.2d 601 (1995).

15. KRS 136.115(2).

16. *City of Louisville v. Sebree*, 308 Ky. 420, 214 S.W.2d 248, 253 (1948) (citations omitted).

17. *Id.* (citations omitted).

18. *Supra*, n. 11.

to the various local units to which its franchise assessment is apportioned and certified pursuant to the terms of KRS Chapter 136.[19]

In its complaint, Verizon Wireless avers that it is a regulated public utility subject to state ad valorem taxation under KRS 136.120. The tax that Verizon Wireless is subject to under KRS 136.120 is both a franchise assessment and an ad valorem tax. Since no material issue of fact exists on this question, it was not error for the circuit court to grant summary judgment in favor of Verizon Wireless.

Having determined that Ordinance 97–11 is unconstitutional in its application to Verizon Wireless, it is unnecessary for us to address the remaining constitutional questions raised in this appeal.

The judgment is affirmed.

ALL CONCUR.